IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **D.N.N**, *et al.*, <br><br> **Plaintiffs/Petitioners,** <br><br> v. <br> **NIKITA BAKER**, *et al.*, <br><br> **Defendants/Respondents.** | Civil No.: 1:25-cv-01500-JRR |

### ORDER

The court convened an emergency hearing today, May 14, 2025, at 12:00 PM, on Plaintiffs'/Petitioners' Emergency Motion for Injunctive Relief filed May 13, 2025. (ECF No. 10; the "Motion.") All parties were represented by counsel.

Petitioners seek to enjoin their removal from the continental United States during the pendency of this action. *Id.* at p. 1. Prior to filing the Motion, Petitioners initiated this action[1] with a class action complaint and petition for writ of habeas corpus on May 9, 2025, seeking, *inter alia*, a writ of habeas corpus ordering Petitioners' immediate release from custody of United States Immigration and Customs Enforcement ("ICE"), placement in community-based alternatives to detention, or transfer to an adequate detention facility; and enjoining the Government[2] from removing Petitioners from the continental United States during the pendency of this action. (ECF No. 1.)

Petitioners, and the putative class they seek to represent, are civilly detained individuals confined by ICE in holding cells operated by the ICE Baltimore Field Office;[3] Petitioners,

---

[1] When this action was initiated on May 9, 2025, D.N.N. was the sole Plaintiff/Petitioner. On May 12, 2025, an amended pleading was filed to include Plaintiff/Petitioner V.R.G. (ECF No. 6.) For convenience, the court refers to D.N.N. and V.R.G. as Petitioners.
[2] For convenience, the court refers to Defendants/Respondents collectively as the "Government."
[3] According to the Motion, after this action was initiated, D.N.N. was relocated to ICE detention in New Jersey on May 10, 2025, and V.R.G. was relocated to ICE detention in Arizona on May 11, 2025. (ECF No. 10-1 at pp. 3-4.)

individually and as proposed class representatives, challenge the lawfulness of their conditions of detention under the Administrative Procedure Act and the United States Constitution.

The All Writs Act permits courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Further, the Supreme Court recognizes "a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels." *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (citing cases).

As set forth fully on the record in open court, in order to preserve existing conditions (*i.e.,* the status quo) and the potential jurisdiction of this court over this matter while the court determines the scope of its authority to grant the requested relief; to ensure Petitioners are able to participate in the adjudication of their requests for habeas (and other) relief, including participation in court proceedings and access to legal counsel for such purpose; to ensure the court is able to evaluate their respective claims for relief based on their in-court testimony that may be offered; and to ensure the Government has a fulsome opportunity to brief and present arguments in its defense:

It is this 14th day of May 2025, in accordance with the court's authority under the All Writs Act, 28 U.S.C. § 1651(a):

**ORDERED** that Defendants/Respondents, including all those acting for them or on their behalf, are enjoined from removing Petitioners D.N.N. and V.R.G. from the continental United States during the pendency of this action subject to further order of this court.

The court provided a hard copy of this order to counsel for Petitioners and the Government in open court.

/S/

_____
Julie R. Rubin
United States District Judge

May 14, 2025
TIME: 12:30PM