IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**D.N.N.**, *et al.*,

    *Plaintiffs-Petitioners*

v.

**NIKITA BAKER.**, *et al.*,

    *Defendants-Respondents*.

Case No. 25-cv-01613-JRR

### ORDER

The court is in receipt of the parties' Joint Report.[1] (ECF No. 66.) In view of the number of witnesses and to ensure time is consumed efficiently on the scheduled hearing date, this order addresses how the parties shall proceed to present argument and evidence at the preliminary injunction/class certification hearing on July 29, 2025.[2] The court's previous orders regarding hearing procedures remain in full force and effect.

The court will not hear opening statements. Closing arguments shall proceed as follows: Plaintiffs and the Government shall each have 20 minutes to present closing argument. Plaintiffs shall then have 10 minutes to use as rebuttal closing argument following the Government's arguments. The parties are entitled to present witness testimony as follows: Direct examination shall be limited to 30 minutes per witness; cross-examination shall be limited to 30 minutes per witness; re-direct examination shall be limited to whatever portion of time has been reserved by the party calling the witness on direct. There shall be no re-cross examination.

Except in the case of rebuttal witnesses, no witness shall be called to testify more than

---

[1] For ease, Plaintiffs-Petitioners are referred to herein as "Plaintiffs;" Defendants-Respondents are referred to collectively as the "Government."

[2] Although the court generally prefers not to impose time constraints on counsel (as discussed at the conference last week), the court has determined time constraints are appropriate here to ensure efficient management of the hearing.

once. In the event Plaintiffs and the Government plan to call the same witness, they shall coordinate before the hearing as to the timing of that witness as a courtesy among counsel and to the court; the court may allow cross-examination beyond the scope of direct accordingly, and will consider additional examination time if the court finds it necessary and appropriate.

Regarding the parties' advisement in the Joint Report regarding potential objections on admissibility of evidence on the PI motion, the court will of course consider all objections if timely raised; however, the court reminds the parties that strict compliance with the Rules of Evidence is not required at this stage. "Because preliminary injunction proceedings are informal ones designed to prevent irreparable harm before a later trial governed by the full rigor of usual evidentiary standards, district courts may look to, and indeed in appropriate circumstances rely on, hearsay or other inadmissible evidence when deciding whether a preliminary injunction is warranted." *St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, 566 F. Supp. 3d 327, 352 (D. Md. 2021), *aff'd,* No. 21-2158, 2021 WL 6502219 (4th Cir. Nov. 3, 2021), and *aff'd,* No. 21-2206, 2021 WL 6502220 (4th Cir. Nov. 13, 2021) (quoting *G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725–26 (4th Cir. 2016)). Against that backdrop, counsel are strongly encouraged to consult and reach agreement as to the presentation of witness testimony by stipulation/stipulated proffer or by affidavit;[3] as well as authenticity and admissibility of evidence generally. Parties are cautioned to consider that an unnecessarily protracted hearing will result in avoidable resource expenditure for all, and may only delay resolution of the pending motions.

July 23, 2025                                                                 /S/
                                                                              _____
                                                                              Julie R. Rubin
                                                                              United States District Judge

---

[3] To be clear, agreement as to the admissibility of testimony by stipulation/affidavit does not diminish the non-offering party's entitlement to make argument as to the significance of the evidence on the issues before the court. In other words, such agreements pose no prejudice to the non-offering party.