IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**D.N.N**, *et al.*,

    *Plaintiffs/Petitioners*,

v.

**NIKITA BAKER**, *et al.*,

    *Defendants/Respondents*.

Civil No.: 1:25-cv-01613-JRR

## MEMORANDUM OPINION

Pending before the court is Plaintiffs-Petitioners' Motion to Proceed under Initials or Pseudonyms. (ECF No. 7; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, the Motion will be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiffs[1] initiated this action on May 9, 2025, with the filing of the "Class Action Complaint for Declaratory Relief, Complaint for Injunctive Relief, and Petition for a Writ of Habeas Corpus." (ECF No. 1.) Following two subsequent amendments, the Second Amended Class Action Complaint for Declaratory Relief, Complaint for Injunctive Relief, and Petition for a Writ of Habeas Corpus is now operative. (ECF No. 52; the "Second Amended Complaint.") Plaintiffs bring this action asserting violations of the Administrative Procedure Act ("APA") and the Fifth Amendment to the United States Constitution on behalf of themselves and all those similarly situated, namely "civilly detained people confined in U.S. Immigration and Customs

---

[1] When this action was initiated on May 9, 2025, D.N.N. was the sole named Plaintiff-Petitioner. On May 12, 2025, an amended pleading was filed to include Plaintiff-Petitioner V.R.G. (ECF No. 6.) For convenience, the court refers to D.N.N. and V.R.G. as Plaintiffs.

Enforcement ('ICE') holding cells operated by ICE's Baltimore Field Office (the 'Baltimore Hold Rooms')." *Id.* ¶ 1. They allege that Defendants[2] have subjected them, and will continue to subject them, to inhumane and punitive conditions in the Baltimore Hold Rooms. *Id.* ¶ 2. Plaintiffs now ask this court to "permit them and putative Class members who are afraid to come forward in their own names to proceed under their initials or to proceed as 'John Does' and 'Jane Does.'" (ECF No. 7 at p. 1.) They further ask the court to provide them leave to file any subsequent papers without, or with redacted, personally identifiable information. *Id.* The Government does not oppose Plaintiffs' request that the named Plaintiffs be permitted to proceed by their initials and to redact personally identifiable information; however, it does not consent to blanket leave as to potential putative Class members where there has been no specific assertion of privacy concerns. (ECF No. 61.)

## II.    ANALYSIS

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a). In exceptional circumstances, the court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014). Before granting a request to proceed anonymously or pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274.

The Fourth Circuit provides five non-exhaustive factors that courts should consider in determining whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal

---

[2] Defendants are referred to herein collectively as the "Government."

>nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.[3]

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

With respect to the first factor, Plaintiffs' request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. Here, Plaintiffs contend their personal information related to their immigration proceedings is indeed sensitive and highly personal. (ECF No. 7-1 at pp. 5–8.) In support, Plaintiffs point to administrative regulations and rules recognizing the need for confidentiality in various immigration proceedings. *Id.* at pp. 5–6; *see* 8 C.F.R. § 1208.6 (providing that information and records "shall not be disclosed without the written consent of the applicant," except in limited circumstances); *see also* FED. R. CIV. P. 5.2(c) (describing electronic access limitation in an action relating to an order of removal, relief from removal, or immigration benefits or detention). Relevant here, both Plaintiffs have been granted withholdings of removal under the Immigration and Nationality Act. (ECF No. 52 ¶¶ 18, 20.)

Other courts have recognized the sensitivity of such information. *See, e.g., Hisp. Int. Coal. of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1247, n.8 (11th Cir. 2012); *Padres Unidos de Tulsa v. Drummond*, No. CIV-24-511-J, 2025 WL 1573590, at *7 (W.D. Okla. June 3, 2025); *Doe v. Noem*, No. 2:25-CV-01103-DAD-AC, 2025 WL 1134977, at *2 (E.D. Cal. Apr. 17, 2025)

---

[3] These are frequently referred to as the "*James*" or "*Jacobson*" factors. *See, e.g., Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023); *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).

*R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019).

Moreover, Plaintiffs have shared medical information regarding diagnoses and medication usage. Such information, like immigration status, is also of a highly sensitive nature. *Doe v. Chesapeake Med. Sols., LLC*, Civ. No. SAG-19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020) (finding "information about the plaintiff's medical conditions" to be "sensitive and highly personal"); *Doe v. Cabell Huntington Hosp., Inc.*, No. CV 3:23-0437, 2023 WL 8529079, at *2 (S.D.W. Va. Dec. 8, 2023) (finding that where the plaintiff alleged that the medical information at issue in the lawsuit was "highly personal and sensitive," the first factor weighed "heavily in favor of permitting anonymity").

The court is persuaded that Plaintiffs' concerns relating to their respective immigration status, withholding of removal, and medical information "go beyond 'merely [seeking] to avoid the annoyance and criticism that may attend any litigation.'" *J.C. v. McKnight*, No. CV DKC 23-2019, 2023 WL 5487216, at *2 (D. Md. Aug. 24, 2023) (quoting *James*, 6 F.3d at 238). The first factor thus weighs in favor of granting Plaintiffs' request.

The second factor considers whether denying the Motion would "pose[] a risk of retaliatory physical or mental harm" to Plaintiffs. *Id.* While reputational risks alone may not be "sufficient to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012), there is a risk of retaliatory or mental harm where a plaintiff "may face psychological harm from having [her] sensitive" information "made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Where "there could be some risk of

4

mental harm to plaintiff upon public dissemination of her identity in connection with" sensitive personal information, anonymity may be warranted. *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 13612472, at *2 (D. Md. Feb. 26, 2020). Similarly, Plaintiffs identify a risk of retaliation from ICE officials based on their participation in this lawsuit, citing allegations of retaliation across ICE facilities. (ECF No 7-1 at pp. 8–9; ECF No. 31-14 ¶ 11.) Plaintiffs here contend that they risk harm should their sensitive information be made public as well as retaliation from ICE officers while in ICE custody. Therefore, the second factor weighs in favor of Plaintiffs' request to use their initials.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238; *see Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) ("[F]ictitious names are often allowed when necessary to protect the privacy of children . . . "(citations omitted)). This factor does not support anonymity in this case, as Plaintiffs are adults.

The fourth *James* factor considers whether Plaintiffs' action is against a governmental entity or, instead, a private party whose reputation may be harmed unfairly if Plaintiffs are permitted to proceed anonymously. "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). Indeed, as this court has explained, "[u]se of pseudonyms is more likely to be appropriate in cases challenging government activity because there is both arguably a public interest in a vindication of . . . rights and a risk of stigmatization of the plaintiff, who often represents a minority interest."

5

*Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017) (citation modified).  As this action is against the Government and its officials, the fourth factor weighs in favor of allowing Plaintiffs to proceed by their initials.

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."  6 F.3d at 238.  Where the Government knows the true identity of Plaintiffs, and are "fully capable of investigating and responding to the allegations," there is no risk of prejudice to its defense.  *Spoa, LLC*, 2013 WL 5634337, at *3.  *See Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense).  Here, the Government knows named Plaintiffs' identities and does not oppose their Motion (as to Plaintiffs' specifically).  The court thus discerns no prejudice to the Government's defense by the requested relief.  Therefore, the fifth factor weighs in favor of Plaintiffs' request.

Upon consideration of the *James* factors, the court concludes that allowing Plaintiffs to proceed as D.N.N. and V.R.G. is warranted.  The court will order that any document that includes their personally identifiable information shall be filed with redactions or under seal (with copies redacted of their true names to be placed in the public file).

To the extent Plaintiffs' Motion seeks leave to proceed by pseudonym or initials for any putative Class member "afraid to come forward in their own names," the court agrees with the Government and declines to permit a blanket allowance.  Plaintiffs shall file a proper motion for leave to permit any Class member to proceed by use of their initials.[4]  Plaintiffs remain free,

---

[4] Given the risks of duplication, and for the sake of clarity, the court's preference is that any putative Class members seeking leave to proceed anonymously do so by use of initials, as the named Plaintiffs; however, a putative Class member remains free to request permission to proceed by pseudonym if there exists a reasonable basis for use of same in lieu of initials.

however, to file a motion seeking relief for multiple Class members at once, so long as the grounds for relief are clearly delineated per individual Class member. Plaintiffs may also incorporate by reference their argument raised in the present Motion where applicable, which is to say, they need not restate their arguments already asserted to the extent the arguments are similarly applicable to any subsequent motion. For efficiency, Plaintiffs shall confer with the Government prior to the filing of any motions requesting such relief and advise therein whether the Government consents to the requested use of initials (or pseudonym).

### III. CONCLUSION

For the reasons set forth herein, by separate order, Plaintiffs' Motion (ECF No. 7) will be granted in part and denied in part.

July 23, 2025                                                                /s/
                                                                            Julie R. Rubin
                                                                            United States District Judge