**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| D.N.N. and V.R.G. *Plaintiffs-Petitioners*, v. NIKITA BAKER, et al. *Defendants*. | Case No. 1:25-cv-1613 |

Dear Judge Rubin:

On behalf of Plaintiffs in the above captioned action, we write to request a telephonic conference to address Defendants' failure to produce documents by the September 19, 2025 court-ordered deadline for expedited document production. This issue is, unfortunately, time sensitive given the expedited nature of the discovery schedule (which closes on September 29, 2025) and the forthcoming deposition of ICE Officer Guererro, which has now been scheduled for September 29, 2025. We are cognizant of the holidays this week (which are impacting many of our team members), and we can make ourselves available any day this week at the Court's earliest convenience.

**Background**

On August 6, 2025, Your Honor issued an Order (ECF No. 81) granting Plaintiffs permission to serve expedited discovery. On August 8, 2025, Plaintiffs, through counsel, served Respondent-Defendants ("Defendants") with 15 requests for production (Exhibit A) and 15 interrogatories (Exhibit B). On September 8, 2025, Defendants responded to Plaintiffs' interrogatories and produced 67 pages of documents comprised of a handful of Sam's Club receipts reflecting food purchases for the Baltimore Hold Rooms. Defendants indicated by email that day that they "expect to produce additional responsive documents in advance of 9/19 [the supplemental production deadline] when they become available."

On September 9, 2025, Plaintiffs emailed Defendants and requested a meet-and-confer to address deficiencies in the initial production and concerns over Defendants' objections. On September 10, 2025, Plaintiffs emailed Defendants an itemized list of discovery issues. On September 11, 2025, the parties met to discuss these issues, and Defendants' counsel agreed to discuss them with his clients. On September 12, 2025, Defendants sent an additional 3-page production (containing only photographs of signs posted around the telephones of the Baltimore Hold Rooms).

On September 19, 2025, Defendants supplement their discovery productions with 6 additional pages of documents including (i) a two page chart reflecting the number of people booked into the Baltimore Hold Rooms on a daily basis between February and September 2025 (with no indication as to how many were held in the facility on any given day or any duration of detention); (ii) a blank "Medication Log" downloaded from familycaregivers.net; and (iii) a one page list of individuals employed at the Baltimore ICE Office (with all but two names redacted). In addition, Defendants indicated by email that they "expected to have documents responsive to" one additional request[1] "today, but the client now anticipates being able to make those records available early next week."

Earlier today, on Monday, September 22, 2025, Plaintiffs emailed Defendants once more with an itemized list of outstanding deficiencies (Exhibit C) and asked that Defendants confirm by 5:00 pm today that the outstanding items would be produced no later than tomorrow (September 23). As of this filing, Defendants have not responded.

**A Conference is Needed to Address Defendants' Failure to Produce Material Documents.**

As reflected above, Defendants have produced only a handful of documents. They have notably failed to produce documents necessary to address key facts, including, most critically, (i) the number of people detained in cells within the Baltimore Hold Rooms and (ii) the duration of their detention. Plaintiffs' RFP No. 2 sought:

> Documents sufficient to show the daily number of Detained Individuals, the specific cells in which they were held, and the duration of their detention from October 1, 2024 to present, including any documents used "for tracking the length of time individuals are in the Holding Facility' as referenced in Paragraph 20 of the Guerrero Declaration.

Plaintiffs addressed this critical request in the Parties' September 11, 2025 meet and confer. Defendants, however, have produced only a single document comprised of two pages, which shows only the number of "book-ins" every day from February 1, 2025 – September 12, 2025. This document (1) does not cover the entire specified date range, (2) does not indicate how many people were in the facility on any given day, (3) does not specify how many people were in any particular cell, and (4) does not indicate how long any individual was detained in the Baltimore Hold Rooms.

Defendants' failure to produce responsive information is notable because, in response to a FOIA request, ICE previously provided a data set[2] which shows the number of individuals held at the facility and the duration of their detention through and including June 10, 2025. ICE clearly tracks this information in addition to information reflecting the cells in which individuals are detained. Defendants' failure to produce this information is also notable because Defendants chose

---

[1] This request sought documents reflecting the transfer of detained individuals to hospitals and other medical facilities.

[2] Plaintiffs can provide the Court with the Microsoft Excel spreadsheet attached to Exhibit C upon request. This data set was extracted from publicly-available data from the Deportation Data Project, available at https://deportationdata.org/data/ice.html.

not to provide the Court with identical information in *Mercado et al. v. Noem et al.,* 1:25-cv-06568, Dkt. 96 at 29 (S.D.N.Y. Sept, 17, 2025). In that case, Judge Kaplan entered a preliminary injunction against unconstitutional conditions in the Manhattan ICE Hold Room noting that, with respect to evidence reflecting the duration of detention for detained individuals, "defendants admittedly have that information but have elected not to share it" with the court.

Plaintiffs have also requested production of documents reflecting Defendants' claimed practice of transporting detained individuals to hospitals or medical facilities to obtain medication.[3] Defendants have failed to produce any responsive documents at all.

Plaintiffs have also requested documents reflecting the purchasing of meals for detained individuals, including specifically documents reflecting Defendants' assertion that "ERO Baltimore currently utilizes a vendor that provides pre-made ready-to-eat meals for each individual three times per day."[4] Defendants have produced only a handful of Sam's Club receipts, raising questions about the veracity of Defendants' prior representation to the Court about a food vendor.

Plaintiffs have also requested "Documents sufficient to show the physical dimension and layout of each cell at the Facility." RFP No. 13. Defendants have refused to provide any documents and have only listed the cell dimensions in a supplemental interrogatory response. However, this does not include any information as to where the cells are laid out in relation to one another or what the layout of each cell is, including the toilet location (which is relevant to assessing the usable space for sleeping and sitting).

Plaintiffs have also requested photos or video reflecting the conditions in the large cells when occupied by 25 or more detained individuals and the small cells when occupied by ten or more individuals. RFP No. 14**.** Defendants have suggested that they do not possess responsive photos or videos but have refused to make this representation in writing.

Finally, Plaintiffs have requested "All Documents reviewed and/or relief upon by Assistant Field Office Director Guerrero in connection with the Guerrero Declaration." RFP No. 15. Defendants have simply refused to produce any responsive documents.

In light of Defendants' refusal to make a good faith document production, and in the interest of resolving these disputes promptly, Plaintiffs' respectfully request a conference at the Court's earliest convenience.

---

[3] *See* RFP No. 4**:** "Documents sufficient to show the number of Detained Individuals who have been transported from the Facility to any hospital or other medical facility to receive medical care or obtain prescription medication(s), including the date and location of any such visit, the reason for any such visit, and the name of any medication(s) obtained during the visit."

[4] *See* RFP No. 8 – "Documents sufficient to show the number and contents of meals (including water) purchased for or served to Detained Individuals, including but not limited to any logs reflecting meal service and invoices or other evidence of purchases from food vendors."

Respectfully submitted,

*/s/ Amelia Dagen*
Amelia Dagen (D.C. Bar No. 90004838)*
Ian Austin Rose (D. Md. Bar No. 22079)
Daniel Melo (N.C. Bar No. 48654)*
**AMICA CENTER FOR IMMIGRANT RIGHTS**
1025 Connecticut Ave. NW
Suite 701
Washington, DC 20036
(202) 788-2509
Austin.rose@amicacenter.org
Dan.melo@amicacenter.org
Amelia@amicacenter.org

Sirine Shebaya (D. Md. Bar No. 07191)
Yulie Landan (CA Bar No. 348958)*
**NATIONAL IMMIGRATION PROJECT**
**NATIONAL LAWYERS' GUILD**
1763 Columbia Rd. NW
Suite 175 #896645
Washington, DC 20009
(202) 656-4788
sirine@nipnlg.org
yulie@nipnlg.org

Jared A. Levine (NY Bar No. 4897211)*
Daniella Schmidt (NY Bar No. 5186283)**
Luke Taeschler (NY Bar No. 5308325)*
Emily Werkmann (NY Bar No. 5750229)*
**CROWELL & MORING LLP**
375 9th Ave, 44th Floor
New York, NY 10001
(212) 223-4000
JLevine@crowell.com
DSchmidt@crowell.com
LTaeschler@crowell.com
Ewerkmann@crowell.com

Jerome A. Murphy (D. Md. Bar No. 27678)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2895
JMurphy@crowell.com

*Pro bono counsel for Plaintiffs*
*\* Admitted Pro Hac Vice*
*\*\* Pro Hac Vice Forthcoming*