# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| D.N.N. and V.R.G.<br><br>*Petitioners-Plaintiffs*,<br><br>v.<br><br>NIKITA BAKER, et al.<br><br>*Respondents-Defendants*. | Case No. 1:25-cv-1613-JRR |

**PLAINTIFFS D.N.N. AND V.R.G.'S
FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Civil Rule 104, Appendix A to the Local Rules (Discovery Guidelines), and this Court's order (ECF No. 81), Petitioner-Plaintiffs D.N.N. and V.R.G. ("Plaintiffs"), by and through the undersigned counsel, request that Respondents-Defendants ("Defendants") respond to this First Set of Requests for Production no later than September 8, 2025, in accordance with the Definitions and Instructions set forth below.

**DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. Baltimore Hold Rooms: The term "Baltimore Hold Rooms" or the "Facility" means the Baltimore Immigration and Customs Enforcement Field Office, including its holding cells, located on the sixth floor of the George H. Fallon Federal Building at 31 Hopkins Plaza, Baltimore, MD 21201.

1

2. Concerning: The term "concerning" means relating to, referring to, describing, constituting, evidencing, or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

3. Communication: The term "communication" means the transmittal of information by any means, including but not limited to both oral and written communications.

4. Detained Individuals: The term "Detained Individuals" means individuals detained at the Baltimore Hold Rooms.

5. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

6. "Guerrero Declaration" refers to the declaration of Assistant Field Officer Director Jose Guerrero filed in this Litigation at ECF No. 40-1.

7. Identify (with respect to persons): When referring to a person, to "identify" means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination. Such identification shall include, without limitation, the person's full name, present or last known address, present or last known job title, home and business telephone number, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the agency. Once a person has been identified in accordance with this subparagraph, only the

name of the person need be listed in response to subsequent discovery requesting the identification of that person.

8. Identify (with respect to documents): When referring to documents, to "identify" means to state a sufficient characterization of such writing or document to properly identify it in a request to produce. Such information shall include, without limitation, the: (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); (v) the name(s) of the person(s) having present possession, custody, or control of such document(s); and (vi) whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction. Alternatively, You may produce the document.

9. Parties: The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

10. Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

11. You/Your: The terms "you" or "your" include the person(s) to whom these requests are addressed, including each of the named Defendants, and all of their agents, employees, representatives, and attorneys.

12. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all."

"Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

## **INSTRUCTIONS**

The following instructions shall apply to these requests in addition to the instructions and obligations set forth in Rule 34 of the Federal Rules of Civil Procedure.

1. Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

> A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 10(d)(ii)(b). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether

transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.A, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, provide the information required by Discovery Guideline 10(e).

5. When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6. It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

7.      The Relevant Time Period for these requests is from February 1, 2025 until present unless stated otherwise within the request itself.

8.      Defendants shall identify, produce, and permit the visual inspection and reproduction of the following documents, electronically stored information, and things which are in their possession, custody, or control, including documents, electronically stored information, and things in the actual or constructive possession of Defendants, their attorneys, experts, and anyone else acting on their behalf. The production and visual inspection shall take place at Crowell & Moring LLP, 1001 Pennsylvania Avenue NW, Washington, DC 20004 (or such other place as may be stipulated to by the parties).

## REQUESTS FOR DOCUMENTS

### Request No. 1

All Documents that You referenced, identified, described, or relied upon in responding to Plaintiffs' First Set of Interrogatories, including any written policies, practices, procedures, or forms.

### Request No. 2

Documents sufficient to show the daily number of Detained Individuals, the specific cells in which they were held, and the duration of their detention from October 1, 2024 to present, including any documents used "for tracking the length of time individuals are in the Holding Facility" as referenced in Paragraph 20 of the Guerrero Declaration.

### Request No. 3

Documents sufficient to show the number of Detained Individuals who have received access to prescriptions medication(s) at the Facility, the date(s) when they received the medication(s), and the name(s) of the medications(s), including but not limited to the "log" used to "ensure individuals receive medications as prescribed" as referenced in Paragraph 29 of the Guerrero Declaration.

### Request No. 4

Documents sufficient to show the number of Detained Individuals who have been

transported from the Facility to any hospital or other medical facility to receive medical care or obtain prescription medication(s), including the date and location of any such visit, the reason for any such visit, and the name of any medication(s) obtained during the visit.

**Request No. 5**

Documents sufficient to show instructions provided to Detained Individuals concerning any telephones available in their cells, including any cost or fees charged for phone calls.

**Request No. 6**

Documents sufficient to show the daily number of Detained Individuals who received clothing, including jumper suits, socks, sneakers, or jackets.

**Request No. 7**

Documents concerning any study or analysis You conducted or commissioned to determine what changes to Your resources, policies, practices, or procedures would be necessary to hold Detained Individuals in the Facility for longer than 12 hours.

**Request No. 8**

Documents sufficient to show the number and contents of meals (including water) purchased for or served to Detained Individuals, including but not limited to any logs reflecting meal service and invoices or other evidence of purchases from food vendors.

**Request No. 9**

Documents sufficient to show the frequency and dates of cleaning services performed in each of the cells at the Facility, including any cleaning logs.

**Request No. 10**

Documents sufficient to show the daily number of Detained Individuals who received mattresses, blankets, pillows or other sleeping supplies.

**Request No. 11**

Documents sufficient to show the daily number of Detained Individuals who received personal hygiene items, including soap, toothpaste, toothbrushes, sanitary pads, and tampons.

**Request No. 12**

Organizational charts, employee lists, or other documents sufficient to show the identity and job responsibilities of employees and/or independent contractors working at the Facility,

including but not limited to any Persons responsible for medical care, food services, cleaning services, and supervision.

**Request No. 13**

Documents sufficient to show the physical dimensions and layout of each cell at the Facility.

**Request No. 14**

Photographs or video sufficient to demonstrate the conditions both during the day and overnight in any of the "large cells" (as referenced in Paragraph 7 of the Guerrero Declaration) when occupied by 25 or more people and any of the "small cells" (as referenced in Paragraph 7 of the Guerrero Declaration) when occupied by 10 or more people.

**Request No. 15**

All Documents reviewed and/or relied upon by Assistant Field Officer Director Guerrero in connection with the Guerrero Declaration.

Dated: August 8, 2025

Respectfully submitted,

*/s/ Jared A. Levine*
Jared A. Levine (NY Bar No. 4897211)*
Daniella Schmidt (NY Bar No. 5186283)**
Luke Taeschler (NY Bar No. 5308325)*
Emily Werkmann (NY Bar No. 5750229)**
**CROWELL & MORING LLP**
375 9th Ave, 44th Floor
New York, NY 10001
(212) 223-4000
JLevine@crowell.com
DSchmidt@crowell.com
LTaeschler@crowell.com
Ewerkmann@crowell.com

Jerome A. Murphy (D. Md. Bar No. 27678)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2895
JMurphy@crowell.com

Ian Austin Rose (D. Md. Bar No. 22079)

8

<div style="margin-left:auto">

Daniel Melo (N.C. Bar No. 48654)*
Amelia Dagen (D.C. Bar No. 90004838)*
**AMICA CENTER FOR IMMIGRANT RIGHTS**
1025 Connecticut Ave. NW
Suite 701
Washington, DC 20036
(202) 788-2509
Austin.rose@amicacenter.org
Dan.melo@amicacenter.org
Amelia@amicacenter.org

Sirine Shebaya (D. Md. Bar No. 07191)
Matthew Vogel (LA Bar No. 35363)*
Yulie Landan (CA Bar No. 348958)*
**NATIONAL IMMIGRATION PROJECT**
**NATIONAL LAWYERS' GUILD**
1763 Columbia Rd. NW
Suite 175 #896645
Washington, DC 20009
(202) 656-4788
sirine@nipnlg.org
matt@nipnlg.org
yulie@nipnlg.org

*Attorneys for Plaintiffs D.N.N. and V.R.G.*

*\* Admitted Pro Hac Vice*
*\*\* Pro Hac Vice Forthcoming*

</div>