# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| D.N.N. and V.R.G.<br><br>*Petitioners-Plaintiffs*,<br><br>v.<br><br>NIKITA BAKER, et al.<br><br>*Respondents-Defendants*. | Case No. 1:25-cv-1613 |

**PETITIONER-PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Local Civil Rule 104, Appendix A to the Local Rules (Discovery Guidelines), and this Court's order (ECF No. 81), Petitioner-Plaintiffs, D.N.N. and V.R.G. ("Plaintiffs"), by and through the undersigned counsel, propound these Interrogatories, to which Respondents-Defendants ("Defendants") shall respond separately and fully, in writing and under oath, no later than September 8, 2025, in accordance with the Definitions and Instructions set forth below.

## INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such information, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 10(d) will be required as to such information.

2. Any ambiguity as to any Interrogatory shall be construed so as to require the broader response.

3. These Interrogatories seek information that is in Your possession, custody, or control, or that is in the possession, custody, or control of Your agents, attorneys, representatives, affiliates, or any other Person acting under Your control or on Your behalf.

4. You are to furnish all information that is available to You as of the date of Your answers to these Interrogatories. If You are unable to answer any of the Interrogatories fully and

completely, after exercising due diligence to secure the information necessary to make such a full and complete answer, so state and answer each Interrogatory to the fullest extent possible.

5. These Interrogatories are deemed to be continuing in nature, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, and therefore, require You to furnish supplemental responses whenever You discover additional facts responsive to the Interrogatories.

6. In accordance with Federal Rule of Civil Procedure 33, each Interrogatory shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity, and the objection must state whether any responsive materials are being withheld on the basis of that objection. Pursuant to Discovery Guideline 10(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete. Pursuant to Discovery Guideline 10(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory.

7. Each Interrogatory is to be answered fully on the basis of information which is in Your possession.

8. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

9. Pursuant to Discovery Guideline 10(d), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

a. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

b. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

   i. For oral communications:
      1. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;
      2. the date and place of the communication; and
      3. the general subject matter of the communication.

   ii. For documents:
      1. the type of document,
      2. the general subject matter of the document,
      3. the date of the document, and
      4. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

   c. Under Guideline 10.iii, the above information should be provided separately for each document for which privilege/protection is asserted, unless doing so would be excessively burdensome or expensive. In such instance, You should particularize

3

       why providing separate designations would be excessively burdensome or expensive, and then may identify by categories the voluminous documents or communications for which privilege/protection is asserted, providing the above information for each category.

    d. Under Guideline 10.iii, where only part of a document or communication is privileged/protected, the unprivileged/unprotected portion should be disclosed if otherwise discoverable and within the scope of the discovery request.

10. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained or, if produced electronically, produced in a manner consistent with Guideline 2.04 of the ESI Principles.

11. If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

12. Unless otherwise stated, the relevant time period for each interrogatory is February 1, 2025 to present.

**DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. Baltimore Hold Rooms: The term "Baltimore Hold Rooms" means the Baltimore Immigration and Customs Enforcement Field Office, including its holding cells, located on the sixth floor of the George H. Fallon Federal Building at 31 Hopkins Plaza, Baltimore, MD 21201.

2. Concerning: The term "concerning" means relating to, referring to, describing, constituting, evidencing, or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

3. Communication: The term "communication" means the transmittal of information by any means, including but not limited to both oral and written communications.

4. Detained Individuals: The term "Detained Individuals" means individuals detained at the Baltimore Hold Rooms.

5. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

6. Identify (with respect to persons): When referring to a person, to "identify" means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination. Such identification shall

5

include, without limitation, the person's full name, present or last known address, present or last known job title, home and business telephone number, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the agency. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

7. Identify (with respect to documents): When referring to documents, to "identify" means to state a sufficient characterization of such writing or document to properly identify it in a request to produce. Such information shall include, without limitation, the: (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); (v) the name(s) of the person(s) having present possession, custody, or control of such document(s); and (vi) whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction. Alternatively, You may produce the document.

8. Parties: The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

9. Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

10. You/Your: The terms "you" or "your" include the person(s) to whom these requests are addressed, including each of the named Defendants, and all of their agents, employees. representatives, and attorneys.

11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

## PLAINTIFFS' INTERROGATORIES

1. Identify Your medical or mental health screening policies, practices, and procedures for Detained Individuals, including the use of any required interview questions or forms for recording medical or mental health information or any required screening examinations.

2. Identify all of Your employees or independent contractors who work with Detained Individuals and have medical or mental health training or qualifications, including the nature of their training or qualifications and their job title.

3. Identify and describe Your policies, practices and procedures for determining whether to transport Detained Individuals to a medical or mental health provider or hospital outside of the Baltimore Hold Rooms, including the Person(s) responsible for making that determination.

4. Identify and describe Your policies, practices and procedures for distributing prescription medication, medical supplies, or medical monitoring devices to Detained Individuals, including the Person(s) responsible for deciding what to provide to Detained Individuals and when.

5. Identify and describe Your policies, practices and procedures for providing medical or mental health services to Detained Individuals at the Baltimore Hold Rooms, including the nature of any medical or mental health services provided.

6. Identify and describe Your policies, practices and procedures for providing Detained Individuals with personal hygiene items, including soap, toothpaste, sanitary pads, tampons, and clothes.

7. Identify and describe Your policies, practices and procedures for providing Detained Individuals with the opportunity to shower, bathe, or otherwise clean themselves.

8. Identify and describe Your policies, practices and procedures for providing Detained Individuals with access to exercise or recreational activities.

9. Identify and describe Your policies, practices and procedures for providing Detained Individuals with mattresses, blankets, pillows and other sleeping supplies, including the number of mattresses maintained at the Baltimore Hold Rooms.

10. Identify and describe Your policies, practices and procedures for dimming or turning off lights overnight within the cells at the Baltimore Hold Rooms.

11. Identify the physical dimensions of each cell located at the Baltimore Hold Rooms.

12. Identify and describe Your policies, practices and procedures for tracking the length of time Detained Individuals are held in the Baltimore Hold Rooms, including the Person(s) responsible for tracking this information.

13. Identify and describe Your policies, practices and procedures for cleaning the cells at the Baltimore Hold Rooms, including the Person(s) responsible for cleaning and the frequency of cleaning.

14. Identify and describe Your policies, practices and procedures for limiting the number of Detained Individuals held in the cells at the Baltimore Hold Rooms, including any occupancy limitations or alternatives to detention used to reduce crowding.

15. State whether You ever sought or obtained a waiver to the 12-hour detention limitation at the Baltimore Hold Rooms prior to February 2025 and identify the date and duration of any such waiver.

Dated: August 8, 2025                                   Respectfully submitted,

| | |
|---|---|
| */s/ Amelia Dagen*<br>Amelia Dagen (D.C. Bar No. 90004838)*<br>Ian Austin Rose (D. Md. Bar No. 22079)<br>Daniel Melo (N.C. Bar No. 48654)*<br>**AMICA CENTER FOR IMMIGRANT RIGHTS** | Jared A. Levine (NY Bar No. 4897211)*<br>Daniella Schmidt (NY Bar No. 5186283)**<br>Luke Taeschler (NY Bar No. 5308325)*<br>Emily Werkmann (NY Bar No. 5750229)*<br>**CROWELL & MORING LLP** |

1025 Connecticut Ave. NW
Suite 701
Washington, DC 20036
(202) 788-2509
Austin.rose@amicacenter.org
Dan.melo@amicacenter.org
Amelia@amicacenter.org

Sirine Shebaya (D. Md. Bar No. 07191)
Matthew Vogel (LA Bar No. 35363)*
Yulie Landan (CA Bar No. 348958)*
**NATIONAL IMMIGRATION PROJECT NATIONAL LAWYERS' GUILD**
1763 Columbia Rd. NW
Suite 175 #896645
Washington, DC 20009
(202) 656-4788
sirine@nipnlg.org
matt@nipnlg.org
yulie@nipnlg.org

375 9th Ave, 44th Floor
New York, NY 10001
(212) 223-4000
JLevine@crowell.com
DSchmidt@crowell.com
LTaeschler@crowell.com
Ewerkmann@crowell.com

Jerome A. Murphy (D. Md. Bar No. 27678)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2895
JMurphy@crowell.com

*Pro bono counsel for Plaintiffs*

* *Admitted Pro Hac Vice*
** *Pro Hac Vice Forthcoming*