# Exhibit B

**Amelia Dagen**

| | |
|---|---|
| **From:** | Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov> |
| **Sent:** | Wednesday, October 1, 2025 4:58 PM |
| **To:** | Amelia Dagen; Levine, Jared |
| **Cc:** | Austin Rose; Yulie Landan; Sirine Shebaya; Murphy, Jerome; Taeschler, Luke |
| **Subject:** | RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests Production |
| **Attachments:** | DEFS' PROD VOL 1-000117-000185.pdf-final.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Hi Amelia-

Defendants are attaching a spreadsheet containing a generated data set showing detention duration information for all individuals logged-in at the BHI during the relevant period. As you'll see, it contains specific log-in and log-outs times for each individual. Significantly, though a party is not required to create evidence to respond to a discovery request, the data sheet was generated at my urging and the client's request as a way to provide the requested information in the most reliable, concise, and efficient way. The holding facility does not maintain historical records with respect to the sought information in this condensed format. This data period covers 2/1/2025-9/12/2025. Defendants would respectfully ask Plaintiffs to compromise on the limited question of the time period, especially given that the de facto timeframe is 2/1/25 onward, Defendants have objected to the additional four months of requested data from the onset, this pre-liminary, pre-certification phase of discovery is provided specifically for the limited purpose of allowing plaintiffs an opportunity to cure deficiencies in class construction and does not concern merits issues in the case presuming certification later follows, and Plaintiffs have not offered any explanation or justification as to why detention information dating back to 10/1 falls into the exception of "where warranted" rather than the default timeframe .

As to cell information, Defendants have provided the answer to this query and thus have no additional responsive information.

As to HIPPA redactions, again, the research Defendants have conducted suggests the health consultation and treatment information between patient and doctor and plaintiffs have not offered authority showing otherwise. With a protective order in place and additional authority on the matter, Defendants certainly will consider releasing certain redacted material; however, at this time, given the strong legal protections HIPPA provides, we continue to have concerns about removing redactions.

Regards,

Brendan

---

**From:** Amelia Dagen <amelia@amicacenter.org>
**Sent:** Wednesday, October 1, 2025 12:58 PM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>; Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>;

Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** [EXTERNAL] RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests Production

Hi Brendan,

We have reviewed your email, thanks for the info.

Regarding the medical transport information: HIPAA allows for information to be disclosed as long as PII has been removed, as it has been here. We had previously agreed with Defendants that names and A numbers should be redacted as PII, and as such, there is no way to identify any individual noncitizen, even if the reason for their trip to the hospital were to be disclosed. PII was also redacted in the partial data set about detention duration, so there is no way anyone could be identified even if cross-referencing with other documents produced in this litigation. Insofar as Defendants are concerned about even this depersonalized information, we are happy to subject those pages to a protective order along with the floorplan/diagram records. However, we had specifically included that information in our RFPs and Judge Rubin agreed that our requests were within the scope of the discovery she granted, so this information needs to be produced immediately.

Regarding the other data about detention durations, we reiterate that we are well beyond every deadline the Court has set for producing full and final records. A full data set—not something that is "less than comprehensive"—needs to be produced immediately. Furthermore, we have seen ICE FOIA data that specifically includes cell information for individuals held at the Baltimore Hold Rooms, so we know this information is, in fact, tracked. And again, we specifically requested the cell designations in our RFPs, which Judge Rubin reviewed last week and affirmed were well within the scope of this limited discovery she ordered. Both Plaintiffs and Judge Rubin have noted Defendants' objections, but that does not change the fact that Judge Rubin ordered Defendants to comply with her ordered discovery and fulfill Plaintiffs RFPs by last Friday. That has not occurred.

We expect all production to be completed by 5:00 pm tomorrow (Thursday, Oct. 2, 2025). If it is not, we will be bringing this back to Judge Rubin.

Thank you,

**Amelia Dagen** (she/her/ella)
**Senior Attorney**  |  Immigration Impact Lab



**Amica Center for Immigrant Rights is formerly known as CAIR Coalition.**
To learn more about our new name and new brand, click here.

1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036

p. +1 (202) 998-3105
f. +1 (202) 331-3341

**www.amicacenter.org**

2

Admitted to practice in Washington, DC.

*Amica Center's Immigration Impact Lab provides co-counseling, counseling, and amicus support in immigration impact cases throughout the 3rd, 4th, and 11th Circuits. Email lab@caircoalition.org to refer a case.*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail and then destroy all copies of the transmission.

**From:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Sent:** Tuesday, September 30, 2025 11:16 PM
**To:** Amelia Dagen <amelia@amicacenter.org>; Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** Re: D.N.N. et al v. Baker et al - Expedited Discovery Requests Production

Hi Amelia-

Here's where things are at on Defendants' side vis a vis Plaintiffs' contentions.

As to the Medical transport information that is redacted, our reading of HIPPA is that the redacted information is covered PHI in that it is health information relating a patient's condition, the past, present, or future provision of healthcare, or payment thereof, with identifiers included in the same record set, and it was transmitted by a covered entity.

I will look again tomorrow at the log to see whether there is any material where a redaction may be lifted, and provide an update.

As to request 2, with respect to detention duration, the information that was produced was retrieved by the holding facility personnel from their systems. You are correct that it is less than a comprehensive accounting of every person who has been processed there in the relevant period. My understanding is there are separate/additional attempts to retrieve a more comprehensive and detailed data set ongoing and I am hopeful that they will be providing something tomorrow I can send you.

As for cell information, the client has reported that information is not tracked/ logged, as cell assignments are subject to change based on the dynamic nature of the hold cells" population and frequent need to adjust assignments based on risk management, population needs, etc. Additionally, that category of information is not enumerated in the court's order and Defendants have noted their objections throughout.

I will follow-up with plaintiffs on status tomorrow.  Thanks.


Get Outlook for iOS

**From:** Amelia Dagen <amelia@amicacenter.org>
**Sent:** Tuesday, September 30, 2025 7:59 AM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>; Levine, Jared <JLevine@crowell.com>

**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** [EXTERNAL] RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests Production

Good morning, Brendan,

Wonderful, we look forward to any updates.

Thank you,

**Amelia Dagen** (she/her/ella)
Senior Attorney  |  Immigration Impact Lab



**Amica Center for Immigrant Rights is formerly known as CAIR Coalition.**
To learn more about our new name and new brand, click here.

1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036

p. +1 (202) 998-3105
f. +1 (202) 331-3341

www.amicacenter.org

Admitted to practice in Washington, DC.

*Amica Center's Immigration Impact Lab provides co-counseling, counseling, and amicus support in immigration impact cases throughout the 3rd, 4th, and 11th Circuits. Email lab@caircoalition.org to refer a case.*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail and then destroy all copies of the transmission.

---

**From:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Sent:** Monday, September 29, 2025 11:01 PM
**To:** Amelia Dagen <amelia@amicacenter.org>; Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests Production

Hi Amelia-

I expect to get back to you tomorrow regarding Plaintiffs' follow-ups below.  Thanks.

**From:** Amelia Dagen <amelia@amicacenter.org>
**Sent:** Monday, September 29, 2025 4:34 PM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>; Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** [EXTERNAL] RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests Production

Hi Brendan,

Confirming receipt of this email. Of course, Plaintiffs agree to keep PROD DOC 000079-000084 as attorney's eyes only for this litigation, thank you for producing those diagrams.

Regarding the rest of the production, we are flagging two areas that remain deficient, even after the Court's extended deadline for full and final production last Friday. We plan to bring this back to the Court's attention if Defendants do not resolve these items by 5:00 pm on Wednesday, October 1, 2025.

**Request for Production No. 2**: The documents Defendants produced remain deficient because:
1. They do not cover the entire request period from October 1, 2025 to present.
2. They do not show cell assignments for the individuals detained at the Baltimore Hold Rooms.
3. They do not show the number of hours individuals were detained beyond a rounded day count.
4. They do not appear to include the entire population of individuals who have been detained at the Baltimore Hold Rooms for even the date range shown. As noted in our email last week, according to ICE data in another FOIA case, between Jan. 8, 2025 and June 10, 2025, there were approx. 1,725 people booked into the Baltimore Hold Rooms. The chart Defendants produced on Friday includes approx. 233 lines from the same date range. Mr. Guerrero also stated in his initial declaration that between May and June 2025, the Baltimore Hold Rooms averaged 60-65 people per day (not in book-ins, but daily population) and the chart Defendants produced show that there were only approx. 114 people at the Baltimore Hold Rooms in total in May and June.

Documents sufficient to show the request information must be produced as soon as possible, and no later than 5:00 pm on Wednesday.


**Request for Production No. 4**: The produced documents are deficient because they have fully redacted nearly all the reasons that individuals were taken to receive medical care off-site. Our request for production clearly listed that we were requesting "Documents sufficient to show the number of Detained Individuals who have been transported from the Facility to any hospital or other medical facility to receive medical care or obtain prescription medication(s), including the date and location of any such visit, **the reason for any such visit**, and the name of any medication(s) obtained during the visit." While we agree that names and A numbers should be redacted as personally identifiable information, it is inappropriate to also redact the reason for the hospital visits. To the degree that the redacted information also includes the names of any prescribed medication, that was also clearly listed in our request and must be disclosed as soon as possible, and no later than 5:00 pm on Wednesday.

Thank you,

**Amelia Dagen** (she/her/ella)
**Senior Attorney  |**  Immigration Impact Lab



**Amica Center for Immigrant Rights is formerly known as CAIR Coalition.**

To learn more about our new name and new brand, click here.

1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036

p. +1 (202) 998-3105
f. +1 (202) 331-3341

www.amicacenter.org

Admitted to practice in Washington, DC.

*Amica Center's Immigration Impact Lab provides co-counseling, counseling, and amicus support in immigration impact cases throughout the 3rd, 4th, and 11th Circuits. Email lab@caircoalition.org to refer a case.*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail and then destroy all copies of the transmission.

---

**From:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Sent:** Friday, September 26, 2025 11:59 PM
**To:** Levine, Jared <JLevine@crowell.com>; Amelia Dagen <amelia@amicacenter.org>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests Production

Jared/all-

Please find Defendants' PROD VOL 1 000079-00116, and second supplemental production responses. Defendants wish to advise that PROD DOC 000079-000084, and particularly 000084, are law enforcement sensitive in that they convey floor plans of the holding facility and unauthorized disclosure could harm law enforcement operations or the safety of personnel and sources. Defendants will in the coming days be seeking a protective order covering production in this lawsuit, but in the interim, respectfully request that all PROD Vol 1 not be disseminated beyond the parties and for use in this litigation. Thanks.

---

**From:** Levine, Jared <JLevine@crowell.com>
**Sent:** Wednesday, September 24, 2025 5:38 PM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>; Amelia Dagen <amelia@amicacenter.org>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** [EXTERNAL] RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Hi Brendan:

Yes, we confirm that we will reschedule Officer Guerrero's deposition in light of the anticipated supplemental productions.

Can you please inquire about his availability for the week of October 6?

Best,

Jared


**Jared Levine**
Crowell & Moring LLP
jlevine@crowell.com
+1.212.803.4075 direct

---

**From:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Sent:** Wednesday, September 24, 2025 5:36 PM
**To:** Amelia Dagen <amelia@amicacenter.org>; Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Counsel-

Writing to confirm that Plaintiffs wish to postpone the Guerrero deposition, currently scheduled for September 29, 2025.  Please let me know.

Additionally, as the Court indicated additional supplemental letter responses were not advisable, Defendants will not transfer the update on production provided earlier today to a supplemental production letter at this time as planned and communicated in the email correspondence.  Thanks.

---

**From:** Moore, Brendan T. (CIV)
**Sent:** Wednesday, September 24, 2025 12:38 PM
**To:** 'Amelia Dagen' <amelia@amicacenter.org>; Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Hi Amelia-

I was unable to meaningfully review counsel's 1:54 email Monday until after your deadline of 5:00 pm Monday had expired, but I want to give you the latest on the status of the production requests and Plaintiffs' follow-ups, which I'll include in a letter this evening but wanted to respond to informally now (as usual, all objections noted in Defendants' September 8, 2025 RFP responses remain applicable).  Thanks.

**From:** Amelia Dagen <amelia@amicacenter.org>
**Sent:** Monday, September 22, 2025 1:54 PM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>; Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>
**Subject:** [EXTERNAL] RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Hi Brendan,

We are now past the deadline for discovery supplementation and are reaching out to close the loop on a few items that are outstanding. Given the upcoming deposition and expedited schedule, we will proceed to bring these deficiencies to the Court's attention for resolution unless you are able to confirm by 5:00 pm EST that Defendants (i) will be producing the outstanding documents and information and (ii) will do so no later than 5:00 pm EST tomorrow.

- RFP #2 – Documents sufficient to show the daily number of Detained Individuals, the specific cells in which they were held, and the duration of their detention from October 1, 2024 to present, including any documents used "for tracking the length of time individuals are in the Holding Facility" as referenced in Paragraph 20 of the Guerrero Declaration.
    - What was produced only shows the number of book-ins every day from February 1, 2025 – September 12, 2025. This [1] does not cover the entire specified date range, [2] does not indicate how many people were in the facility on any given day, [3] does not specify how many people were in any particular cell, and [4] does not indicate how long any of the Detained Individuals were in the Baltimore Hold Rooms.
    - In response to a FOIA request, ICE previously provided the attached data set, which shows the number of individuals held at the facility and the duration of their detention there (Baltimore data extracted from the larger data set available here). It is also our understanding that ICE does track which cell individuals are detained in. Defendants have no basis to withhold this information and must produce it immediately.
- ==Defendants have been actively working on generating a responsive data set. My understanding is that while duration data is tracked, accurate data is not retrievable via a single source record search and pull—Defendants are working through this though. Defendants expect to produce responsive information this week.==
- RFP #4 - Documents sufficient to show the number of Detained Individuals who have been transported from the Facility to any hospital or other medical facility to receive medical care or obtain prescription medication(s), including the date and location of any such visit, the reason for any such visit, and the name of any medication(s) obtained during the visit.
    - As noted above, we are beyond the Court-ordered deadline for these documents. Your email indicated responsive documents would be available "early next week." Again, Defendants must immediately produce these documents.

As I noted in Defendants' response last week, the client is finalizing a production response here, subject to applicable redactions. A declaration was needed to explain and verify methodology, Defendants expect the production to be made imminently.

- RFP #8 – Documents sufficient to show the number and contents of meals (including water) purchased for or served to Detained Individuals, including but not limited to any logs reflecting meal service and invoices or other evidence of purchases from food vendors.
    - Thus far, no documents have been produced regarding Defendants' assertion that "ERO Baltimore currently utilizes a vendor that provides pre-made ready-to-eat meals for each individual three times per day." Defendants' latest letter from September 20, 2025 does not address this request. These documents must be produced.

- ==As you know, Defendants have produced documents responsive to this request. To date, no additional records have been identified-final clarification has been requested and is expected imminently.==
- RFP #13 – Documents sufficient to show the physical dimension and layout of each cell at the Facility.
    - We acknowledge Defendants' provision of the cell dimensions on September 16, 2025. However, this does not include any information as to where the cells are laid out in relation to one another or what the layout of each cell (including the toilet location, for example) is. Any responsive documents regarding the layout of the cells must be produced.
- ==Defendants maintain that the interrogatory response is sufficiently responsive to the RFP query; however, a request for a floorplan or similar document showing toilet location has been made and production of any responsive documents is expected this week.==
- RFP #14 – Photographs or video sufficient to demonstrate the conditions both during the day and overnight any of the "large cells" (as referenced in Paragraph 7 of the Guerrero Declaration) when occupied by 25 or more people and any of the "small cells" (as referenced in Paragraph 7 of the Guerrero Declarations) when occupied by 10 or more people.
    - Plaintiffs asked for confirmation that Defendants do not retain any photo of video records of conditions within the holding cells. Defendants have not addressed this deficiency in any supplemental response.
- ==Defendants answered the production request in their original RFP response and there was no deficiency. Defendants confirm they do not have documents responsive to the request.==
- RFP #15 – All Documents reviewed and/or relief upon by Assistant Field Office Director Guerrero in connection with the Guerrero Declaration.
    - Plaintiffs noted that, "notwithstanding a citation to non-binding, out of circuit caselaw, Defendants must still produce responsive documents which clearly contain information about the conditions at the Baltimore facility." Defendants have not addressed this deficiency in any supplemental response.
- ==Defendants maintain their valid objections to the request.==

Thanks,

Brendan

Best,

**Amelia Dagen** (she/her/ella)
**Senior Attorney  |**  Immigration Impact Lab



**Amica Center for Immigrant Rights is formerly known as CAIR Coalition.**
To learn more about our new name and new brand, click here.

1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036

p. +1 (202) 998-3105
f. +1 (202) 331-3341

www.amicacenter.org

Admitted to practice in Washington, DC.

*Amica Center's Immigration Impact Lab provides co-counseling, counseling, and amicus support in immigration impact cases throughout the 3rd, 4th, and 11th Circuits. Email lab@caircoalition.org to refer a case.*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail and then destroy all copies of the transmission.

---

**From:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Sent:** Saturday, September 20, 2025 2:11 AM
**To:** Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>; Amelia Dagen <amelia@amicacenter.org>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

**[EXTERNAL EMAIL]** This message is from an EXTERNAL source. Please do not click on any links or open any attachments associated with this email unless it comes from a trusted source AND you were expecting to receive this information.

Attached please see Defendants' letter with supplementary production responses. Additionally, we had expected to have documents responsive to RFP no. 4 today, but the client now anticipates being able to make those records available early next week. Thanks.

---

**From:** Moore, Brendan T. (CIV)
**Sent:** Saturday, September 20, 2025 12:00 AM
**To:** 'Levine, Jared' <JLevine@crowell.com>
**Cc:** 'Austin Rose' <austin.rose@amicacenter.org>; 'Yulie Landan' <yulie@nipnlg.org>; 'Sirine Shebaya' <sirine@nipnlg.org>; 'Murphy, Jerome' <JMurphy@crowell.com>; 'Taeschler, Luke' <LTaeschler@crowell.com>; 'Amelia Dagen' <amelia@amicacenter.org>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Good evening counsel-

Attached please find Defendants' Supplemental Production PROD Vol 1-000072-000078. A letter with further descriptions of the production will follow shortly. Thank you.

---

**From:** Moore, Brendan T. (CIV)
**Sent:** Tuesday, September 16, 2025 5:18 PM
**To:** 'Levine, Jared' <JLevine@crowell.com>

Cc: 'Austin Rose' <austin.rose@amicacenter.org>; 'Yulie Landan' <yulie@nipnlg.org>; 'Sirine Shebaya' <sirine@nipnlg.org>; 'Murphy, Jerome' <JMurphy@crowell.com>; 'Taeschler, Luke' <LTaeschler@crowell.com>; 'Amelia Dagen' <amelia@amicacenter.org>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Good afternoon counsel-

In response to the parties' meet and confer on September 11, 2025, please find attached Defendants' supplemental interrogatory responses. In providing these supplemental responses, Defendants maintain their objections to instructions, definitions, and interrogatories set forth in their responses to Petitioner-Plaintiffs' First Set of Interrogatories, electronically served upon counsel for Plaintiffs on September 8, 2025, and consistent with the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e) that Defendants preserved therein.

Thank you.

---

**From:** Moore, Brendan T. (CIV)
**Sent:** Monday, September 15, 2025 8:17 PM
**To:** Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>; Amelia Dagen <amelia@amicacenter.org>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Jared-

This will be included with the clarification answers tomorrow, but I received the holding room info and wanted to pass that along to you now.

**Male Hold Room #1 – 559 Square footage (rectangle); Female Hold Room #2 - 420 Square footage (rectangle); Male Hold Room #3 - 495 Square footage (square); ISO Hold Room #4 – 128 Square footage (square); ISO Hold Room #5 – 126 Square footage (square).**

Thanks.

---

**From:** Levine, Jared <JLevine@crowell.com>
**Sent:** Monday, September 15, 2025 11:05 AM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>; Amelia Dagen <amelia@amicacenter.org>
**Subject:** [EXTERNAL] RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Hi Brendan:

We are just following up to see whether you are in a position to provide any further information in response to the issues raised in our email below and discussed on our Thursday call. As noted during our call, in light of the expedited discovery schedule, we will need to seek relief from the Court in the event we are unable to quickly resolve these issues.

Best,

Jared


**Jared Levine**
Crowell & Moring LLP
jlevine@crowell.com
+1.212.803.4075 direct

---

**From:** Levine, Jared <JLevine@crowell.com>
**Sent:** Wednesday, September 10, 2025 1:08 PM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>; Amelia Dagen <amelia@amicacenter.org>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Hi Brendan:

We are available to meet tomorrow afternoon at 2pm.  I will circulate a dial in.  In the meantime, we would ask that you review the issues listed below and discuss them with your client.  Given the expedited discovery schedule, if we are unable to resolve these issues this week, we will need to seek relief from the Court at the beginning of next week.

Best,

Jared

**Interrogatories**

1. Defendants' response does not identify any written policies or procedures for medical screening or the use of any standard forms.  Given the language of Defendants' objections, we ask that you confirm in writing that Defendants do not have any responsive written policies, procedures, or forms.

2. Given ambiguity in Defendants' response, we ask Defendants confirm in writing that they do not have anyone onsite who is licensed to provide any medical or mental health care services.

3. Defendants' response does not identify any written policies governing transportation of detained individuals for medical care. Given the language of Defendants' objections, we ask that you confirm in writing that Defendants do not have any responsive written policies.

4. Defendants' response does not identify any written policies related to administration of medications. Given the language of Defendants' objections, we ask that you confirm in writing that Defendants do not have any responsive written policies.

5. With the exception of "Operations of ERO Holding Facilities," January 31, 2024, Defendants' response does not identify any written policies related to medical or mental health services. Given the language of Defendants' objections, we ask that you confirm in writing that Defendants do not have any additional responsive written policies.

6. Defendants' response does not identify any written policies related to providing Detained Individuals with personal hygiene items and clothes. Given the language of Defendants' objections, we ask that you confirm in writing that Defendants do not have any responsive written policies.

11. We have serious concerns about Defendants refusal to identify the dimensions of the holding cells.  In a comparable litigation in SDNY, Defendants were able to provide that information immediately.  The supplemental deadline in our schedule was purely for the production of documents.  Defendants must immediately disclose the dimensions of the holding cells.

12. We ask that Defendants identify what which "personnel produce reports" tracking the length of time that individuals are detained and who in "management" receives these reports.

13. Defendants' response does not identify any written policies related to the cleaning of cells.  Given the language of Defendants' objections, we ask that you confirm in writing that Defendants do not have any responsive written policies.

14. Defendants' response does not identify any written policies for limiting the number of Detained Individuals held in the cells. Given the language of Defendants' objections, we ask that you confirm in writing that Defendants do not have any responsive written policies.

**Requests for Production**

1. As reflected above, in numerous instances Defendants declined to identify written policies in response to Plaintiffs' interrogatories. To the extent Defendant will now identify written policies, Defendants must produce them.

2. Plaintiffs have requested documents "sufficient to show" the number of people detained in the Baltimore Hold Rooms.  Plaintiffs agree that Defendants can redact personally identifiable information from responsive documents.  Officer Guerrero previously provided testimony about records reflecting average numbers of detained individuals, and the interrogatories indicate the preparation of daily tracking logs.  Defendants have no good faith basis to withhold responsive documentation and must immediately produce the responsive records.

3.  Defendants have asserted that they maintain a log of medications provided to detained individuals.  Plaintiffs agree that Defendants can redact personally identifiable information from responsive documents. These logs must be produced.

4. We understand Defendants response to indicate that Defendants do not retain any records reflecting the transport of detained individuals to medical facilities.  We find this difficult to believe, but please confirm.

5. We understand that documents concerning telephone access are posted within or provided to individuals with the Baltimore Hold Rooms and should therefore be readily available to Defendants.  Please provide these documents immediately.

8. Defendants have represented that they engage a private vendor to obtain prepared meals for detained individuals.  The reference documents do not include contracts with or invoices from any vendor.  Please confirm Defendants will be supplementing their production by the deadline with these any and other responsive documents.

13.  Plaintiffs requested documents sufficient to show the layout of the cells, including their dimensions. Defendants reference to the June 30, 2025 Declaration of Jose Guerrero, ECF No. 40-1 is not responsive.  Please confirm Defendants will produce responsive documents.

14.  We understand Defendants' response to indicate that Defendants do not retain any photo or video records of conditions within the holding cells.  We find this difficult to believe, but please confirm.

15. Plaintiffs note Defendants' objections but notwithstanding a citation to non-binding, out of circuit caselaw, Defendants must still produce responsive documents which clearly contain information about the conditions at the Baltimore facility. Please confirm Defendants will produce the documents referenced in or that provided a basis for Officer Guerrero's declaration.


**Jared Levine**

Crowell & Moring LLP

jlevine@crowell.com

+1.212.803.4075 direct

---

**From:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Sent:** Wednesday, September 10, 2025 11:24 AM
**To:** Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Matthew Vogel <matt@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>; Amelia Dagen <amelia@amicacenter.org>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Hi Jared-

I am unable to meet today as I'm mostly out of the office and tied up with other things, but I could meet tomorrow (Thursday) afternoon, anytime between 2pm-4:30 eastern. Please let me know. Thanks.

---

**From:** Levine, Jared <JLevine@crowell.com>
**Sent:** Tuesday, September 9, 2025 5:09 PM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Matthew Vogel <matt@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>; Amelia Dagen <amelia@amicacenter.org>
**Subject:** [EXTERNAL] RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Hi Brendan,

Thank you for sending Defendants' discovery responses and noting where we should expect supplemental productions on or before September 19th. Upon a review of the responses, Plaintiffs have noted several concerning deficiencies. Given the expedited schedule, we would like to meet and confer tomorrow. Can you please let us know your availability? We will try to provide a list of issues for discussion in advance.

Best,

Jared


**Jared Levine**

Crowell & Moring LLP

jlevine@crowell.com

+1.212.803.4075 direct

---

**From:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Sent:** Monday, September 8, 2025 10:35 PM
**To:** Levine, Jared <JLevine@crowell.com>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Matthew Vogel <matt@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>; Amelia Dagen <amelia@amicacenter.org>
**Subject:** RE: D.N.N. et al v. Baker et al - Expedited Discovery Requests

Hi Jared/all-

Attached please find Defendants' responses to Plaintiffs' discovery requests. I should note that Defendants expect to produce additional responsive documents in advance of 9/19 when they become available. Thanks.

---

**From:** Levine, Jared <JLevine@crowell.com>
**Sent:** Friday, August 8, 2025 5:10 PM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>; Barrett, Devin (CIV) <Devin.Barrett@usdoj.gov>
**Cc:** Austin Rose <austin.rose@amicacenter.org>; Yulie Landan <yulie@nipnlg.org>; Sirine Shebaya <sirine@nipnlg.org>; Matthew Vogel <matt@nipnlg.org>; Murphy, Jerome <JMurphy@crowell.com>; Taeschler, Luke <LTaeschler@crowell.com>; Amelia Dagen <amelia@amicacenter.org>
**Subject:** [EXTERNAL] D.N.N. et al v. Baker et al - Expedited Discovery Requests

Hi Brendan and Devin:

We are attaching Plaintiffs' discovery requests. Just let us know if it makes sense to meet and confer on any of these next week.

Have a good weekend,

Jared

**Jared Levine**
Crowell & Moring LLP
jlevine@crowell.com
+1.212.803.4075 direct