IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **D.N.N.**, *et al.*,<br><br>    *Petitioners-Plaintiffs*<br><br>v.<br><br>**NIKITA BAKER.**, *et al.*,<br><br>    *Respondents-Defendants*. | Case No. 25-cv-01613-JRR |

## ORDER

The court has before it Respondents-Defendants' (the "Government") Motion for a Temporary Stay of Discovery in Light of Lapse of Appropriations (ECF No. 105; the "Motion"). The court has reviewed all submissions; no hearing is necessary.

By memorandum opinion and order at ECF Nos. 74 and 75, the court denied Petitioners-Plaintiffs' ("Plaintiffs") motions for class certification and preliminary injunction (ECF Nos. 31 and 36). Thereafter, by order at ECF No. 81, the court directed the parties to engage in expedited discovery in support of Plaintiffs' intention to renew their motions for class certification and preliminary injunctive relief. Further, shortly following their initial respective detentions by United States Immigration and Customs Enforcement ("ICE"), the named Plaintiffs were relocated outside of Baltimore and have not since been held, and are not now held, in the Baltimore Hold Rooms.

The court, therefore, finds that Plaintiffs' assertion that this matter presents an exception to the Antideficiency Act because it pertains to an "emergenc[y] involving the safety of human life or the protection of property," 31 U.S.C. § 3142, is unfounded at this time. Specifically, inasmuch as no class has been certified, and named Plaintiffs are not held at the Baltimore Hold

Rooms, there is no reasonable basis on which the court can conclude (versus speculate) that the safety of any human life or the protection of any property before the court in this action is at risk, or would be at risk, due to conditions at the Baltimore Hold Rooms by operation of a stay for the duration of the lapse in appropriations affecting the Executive and Legislative branches of the federal government as described in the Motion.

That notwithstanding, the court is satisfied that the habeas claims of the individual Plaintiffs shall not be subject to the requested stay, as the prospect of their continued detention and related harm to their families and personal well-being (as has been entered in evidence), coupled with the Government's stated intention to deport and remove them from this country on some unidentified timeline, sufficiently risks their safety such that the court will deny the Motion to that extent. Further, the court notes that the Motion seeks a stay of the expedited discovery and related briefing only—and not Plaintiffs' individual habeas claims.

Accordingly, for the reasons set forth above, the Government's Motion at ECF No. 105 shall be, and is hereby, **GRANTED IN PART AND DENIED IN PART** as follows: The court's order at ECF No. 81, including all discovery and briefing deadlines set forth therein, is **STAYED** until such time as the President signs legislation authorizing the expenditure of funds to operate those government agencies and functions for which appropriations have lapsed; the Motion shall be, and is hereby, otherwise **DENIED**. Within seven (7) days of the authorization of such funds described above, the parties shall file a joint proposed schedule of all remaining discovery and related briefing deadlines.

October 7, 2025                                                /S/

                                                                        Julie R. Rubin
                                                                        United States District Judge