**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| D.N.N. and V.R.G., on behalf of themselves and all others similarly situated,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>NIKITA BAKER, *et al.*,<br><br>Respondents-Defendants. | **Case No. 1:25-cv-01613** |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, all the Parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 104.13 to protect the confidentiality of nonpublic and personally sensitive information, including protected health information, that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

I. **Scope.** The following terms, conditions, procedures·, and restrictions govern the "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery or settlement discussions in this action) produced by the Parties in this litigation. The protections conferred by this Order cover Confidential Material (as defined *infra*, Section II), and: (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that reveal Confidential Material.

II. **Definition of Confidential Materials**. Confidential material means any documents revealing:

(a) Any individual's birth date, social security number, tax identification number, alien registration number ("A number"), passport numbers, driver's license numbers, and any similar numbers assigned to an individual by a federal, state, or local government of the United States or government entity of another country;

(b) The names, telephone numbers, and electronic mail addresses of federal government employees;

(c) Information that is law enforcement sensitive, including information that may be protected from public disclosure under the Freedom of Information Act, 5 U.S.C. § 552, *et seq*.;

(d) Other information containing sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential.

III. **Designation of Confidential Materials**: All information described as Confidential Material above (II.a–II.d) shall be subject to this Order, as set forth below:

(a) The designation of Confidential Materials shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL," or, in the case of native spreadsheet files, by including CONFIDENTIAL in the file name. The Party or person producing or disclosing documents or information ("Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of Confidential Material. The Parties shall not routinely

designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

(b) Except for documents produced for inspection at the party's facilities, the designation of Confidential Material shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked Confidential. Once specific documents have been designated for copying, any documents containing Confidential Material will then be marked Confidential after copying but before delivery. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(c) Portions of depositions of the Parties and the present and former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential Materials only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. The Parties shall designate as "Confidential" only the specific pages and lines of any transcript that it reasonably and in good faith believes consists of Confidential Material. Any testimony which discloses Confidential Material from any document designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(d) Information or documents designated as Confidential under this Order shall not be used or disclosed by the Parties or their counsel or any persons identified in subparagraph (e) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(e) The Parties and their counsel shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to the Parties' counsel and employees of counsel who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporter, stenographers, videographers, and outside vendors engaged for depositions and any other outside vendors or service providers (such as copy-service providers and document-management and document review vendors) that counsel hire and assign to this matter, provided that, prior to disclosure, any such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or their counsel to assist in the litigation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(v) Disclosure may be made to this Court or any appellate court, as well as their support personnel, and court reporters.

(f) Except as provided in subparagraph (d) above, counsel for the Parties shall keep all documents designated as Confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential Material designated as Confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

**IV. Protection for Personal Health Information**. The Parties acknowledge that Discovery Material may contain personal health information ("PHI") subject to the protections of the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Regulation 45 C.F.R. § 164.512 permits disclosure of PHI in response to a discovery request or other lawful process if, among other requirements, the parties to the dispute have agreed to a qualified protective order and have presented it to the court with jurisdiction over the dispute.

*See* 45 C.F.R. § 164.512(e)(IV)(A). The Parties shall, to the extent possible, redact individually identifiable information from Discovery Materials otherwise containing PHI consistent with 45 C.F.R. § 164.514, including names, addresses, dates of birth, and identification numbers. To the extent that any unredacted portion of Discovery Materials contain PHI, the PHI shall be deemed Confidential Material, subject to all provisions of this Protective Order, including that it shall only be used for the purpose of this litigation and shall be returned or destroyed at the conclusion of the litigation and any appeal. The Parties further stipulate that, to the extent PHI is disclosed in discovery materials, individual notice to the non-parties is impractical and inadvisable and good cause for this order exists.

**V. Confidential Materials Filed with Court**. To the extent that any Confidential Materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Material, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that materials designated as Confidential Material are not properly designated as Confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (5) of this Confidentiality Order.

**VI. Challenging Designation of Confidentiality**. If any Party seeks to challenge any Confidential Material designation or redaction or to disclose Confidential Material (the

"Challenging Party") to persons not covered by Paragraph 4, the following procedure shall be used:

(a) The Challenging Party shall give notice to the other Party's counsel by email specifying the redaction or Confidential Material designation being challenged or the requested disclosure and the basis for the challenge or request. The Party defending the redaction or Confidential Material designation shall, within five (5) business days of such notice, either remove the designation or redaction or send an objection to the Challenging Party stating the basis for the redaction or designation.

(b) If the Parties cannot reach agreement concerning the designation, the Challenging Party may file a motion with the Court seeking relief. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

The designated material shall continue to be redacted or treated as Confidential Material until the issue is resolved by Order of this Court.

**VII. Disclosure to Unauthorized Persons.** If Confidential Material is disclosed to *any* unauthorized person through inadvertence, mistake, or otherwise without authorization by the Producing Party, the Party responsible for disclosure shall: (a) use their best efforts to retrieve the disclosed information and all copies thereof; (b) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; and (c) take all reasonable steps to prevent further disclosure by or to the unauthorized person who received the Confidential Material.

**VIII. Inadvertent Disclosure of Confidential Material.** The failure by either Party to designate specific documents or materials as Confidential Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to the other party of such failure to designate, or of incorrect designation, the Parties shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information pursuant to Paragraph 4, and shall thereafter take reasonable steps to ensure that the Confidential Material is

treated in accordance with the designation. No person or Party shall incur any liability under this Protective Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

**IX. Reservation of rights**. Nothing in this Order compels the production or disclosure of privileged material, prevents the producing party from making any objection or claim of privilege, or constitutes an admission or waiver of any claim, privilege, or defense by the producing party. Nothing in this Order waives the parties' rights to challenge any claim, privilege or defense made by the Producing Party.

**X. Return of Confidential Material at Conclusion of Litigation**. At the conclusion of the litigation, all material treated as Confidential under this Order and not received in evidence shall be returned to the Producing Party. If the parties stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**Acknowledged and agreed:**

By: *<u>/s/ Jared A. Levine</u>*
Jared A. Levine (NY Bar No. 4897211)*
Luke Taeschler (NY Bar No. 5308325)*
Daniella Schmidt (NY Bar No. 5186283)**
Emily Werkmann (NY Bar No. 5750229)*
**Crowell & Moring LLP**
375 9th Ave, 44th Floor
New York, NY 10001
(212) 223-4000

Jerome A. Murphy (D. Md. Bar No. 27678)
**Crowell & Moring LLP**
1001 Pennsylvania Avenue NW
Washington, DC 20004

By: *<u>/s/ Brendan Moore</u>*
Brendan T. Moore
Brett A. Shumate
William C. Silvis
**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
(202) 880-0330
Brendan.t.moore@usdoj.gov

*Counsel for Defendants*

(202) 624-2895
JMurphy@crowell.com

Ian Austin Rose (D. Md. Bar No. 22079)
Amelia Dagen (D.C. Bar No. 90004838)*
**Amica Center for Immigrant Rights**
1025 Connecticut Ave. NW
Suite 701
Washington, DC 20036
(202) 788-2509
Austin.rose@amicacenter.org
Amelia@amicacenter.org

Sirine Shebaya (D. Md. Bar No. 07191)
Yulie Landan (CA Bar No. 348958)*
**National Immigration Project**
1763 Columbia Rd. NW
Suite 175 #896645
Washington, DC 20009
(202) 656-4788
sirine@nipnlg.org
yulie@nipnlg.org

*Pro bono counsel for Plaintiffs*

* *Admitted Pro Hac Vice*
** *Pro Hac Vice Forthcoming*

Dated: November 26, 2025

/s/_________________________
HON. JULIE REBECCA RUBIN
United States District Judge