IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

D.N.N., et al.,
Plaintiffs,
v.
JEREMY BACON, et al.,
Defendants.

CIVIL NUMBER: 1:25-cv-01613-JRR

TRANSCRIPT OF PROCEEDINGS - STATUS CONFERENCE
BEFORE THE HONORABLE JULIE R. RUBIN
UNITED STATES DISTRICT JUDGE
Wednesday, August 6, 2025
Baltimore, Maryland

A P P E A R A N C E S

FOR THE PLAINTIFFS:

BY: AMELIA DAGEN, ESQUIRE
AMICA CENTER FOR IMMIGRANT RIGHTS
1025 Connecticut Avenue Northwest
Suite 701
Washington, DC 20006

YULIE LANDAN, ESQUIRE
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road Northwest
Suite 175 #896645
Washington, DC 20009

JARED LEVINE, ESQUIRE
CROWELL & MORING, LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

JEROME MURPHY, ESQUIRE
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, Northwest
Washington DC 20004

***Proceedings Recorded by FTR GOLD***
Transcript Produced by Computer-Aided Transcription

**FOR THE DEFENDANTS:**

**BY: BRENDAN MOORE, ESQUIRE**
**Department of Justice, Civil Division**
**PO Box 878 Ben Franklin Station**
**Washington, DC 20044**

**P R O C E E D I N G S**

**(11:15 a.m.)**

**THE COURTROOM DEPUTY:** The matter now pending before this Court is Civil Docket Number 25-cv-1613-JRR; DNN, et al., v. Bacon, et al. The matter now comes before the Court for the purpose of a status conference.

Counsel for plaintiff, please introduce yourselves for the record.

**MS. DAGEN:** Good morning, Your Honor. Amelia Dagen for the plaintiffs.

**THE COURT:** Good morning.

**MS. LANDAN:** Good morning. Yulie Landan for the plaintiffs.

**MR. LEVINE:** Jared Levine for the plaintiffs.

**THE COURT:** Good morning.

**MR. MURPHY:** Jerome Murphy for the plaintiffs.

**THE COURT:** Good morning.

**THE COURTROOM DEPUTY:** And counsel for defendant, please introduce yourself for the record.

**MR. MOORE:** Good morning, Your Honor. Brendan Moore on behalf of defendants.

**THE COURT:** Good morning to all.

All right, we are here for a status conference. I'm going to first turn to plaintiffs' counsel as far as generally speaking what they were to advise the Court as to their

intentions going forward with respect to the issue of class and PI and we'll talk about your motion for a bail hearing as well. I don't mean we're going to hear the motion; we'll talk about briefing, if that's still the way you want to go.

And I will also just sort of set the table as far as, you know -- as far as a bail hearing is concerned, you know, not that you have to choose, but there are, you know, ways of going about proceeding with the petition which is always on an expedited basis.

I appreciate that plaintiffs' interest may be to keep the named plaintiffs here for purposes of ensuring preservation of the Court's jurisdiction over the matter as a whole, and that perhaps that is the reason they have sought a bail hearing as opposed to proceeding with the individual habeas claims.

So I'll ask Ms. Dagen sort of generally speaking to advise me and Mr. Moore to the extent you have any, what's the lay of the land? Where are we going?

**MS. DAGEN:** Yes, Your Honor. We are prepared to discuss our request for expedited discovery this morning in regards to the class certification and the preliminary injunction request. And then also we have spoken with defendants about briefing for the bail motion. So we would like to proceed with that if it is what Your Honor is amenable to.

**THE COURT:** Okay. And what have you discussed about

expedited discovery?

**MS. DAGEN:** As noted in our status report, we have told the defendants that we would like to seek that. They did oppose that request. Mr. Levine can discuss the particulars of the discovery a little bit more.

In terms of the briefing schedule for the bail motion, plaintiffs and defendants have discussed that the Government response to the bail motion would be due on August 14th; our reply on August 21st, with a hearing to be scheduled promptly after that.

**THE COURT:** Okay. I will tell you, I am leaving the country very shortly after that, so a decision will not be made as quickly as you like on that, just in full disclosure. But as far as a briefing schedule, that's entirely fine with the Court. So August 14 and August 21 for response and reply respectively is fine.

All right, I do want to go back to the issue of the discovery. So really what I was asking is what are you looking for?

**MR. LEVINE:** Sure, Your Honor. We have a working draft of document requests that are very narrow in scope. We're not seeking sort of custodial searches in I guess the search terms to collect large quantities of documents. There were allusions in the Guerrero declaration to use certain discrete items that we think would help address evidentiary

gaps that were raised in Your Honor's opinion. So I don't know how Your Honor would like to proceed in terms of a formal motion or if you would just want to discuss the specifics.

**THE COURT:** You mean as far as the discovery?

**MR. LEVINE:** Yes.

**THE COURT:** No, I want to know as a general matter what the narrowly tailored scope is and I want to know specifically what kind of numbers you're looking for.

**MR. LEVINE:** By numbers, Your Honor --

**THE COURT:** How many.

**THE DEFENDANT:** How many requests?

**THE COURT:** Yup.

**MR. LEVINE:** I think we have maybe 15 narrow document requests, maybe a dozen or 15 interrogatories that we're looking at.

**THE COURT:** Okay.

**MR. LEVINE:** In terms of the scope of the discovery I'll just give you some examples. We'd be seeking written policies and procedures reflecting the practices described by Officer Guerrero in his declaration; logs used for tracking the length of time individuals are in the holding facility as referenced in the Guerrero declaration; logs used to ensure individuals receive medication as prescribed as referenced in his declaration; documents sufficient to show how many detained persons have actually been transferred to a hospital

to obtain medication which was an issue in the declaration as well; documents sufficient to show the number and contents of meals purchased from vendors; and a sampling of photos or videos from the cells showing what the reality is when they are filled with 30 or so people.

**THE COURT:** So if I were to try to -- and Mr. Moore, I do want to ensure that you appreciate, I'm going to hear everything from you; I'm just fleshing out exactly what plaintiffs are looking for. I don't mean to ignore the fact that I know you object and I'm going to hear from you, I assure you.

**MR. MOORE:** Not a problem, Your Honor.

**THE COURT:** It will help me figure out the Court's ruling on the objection if I have a better understanding of exactly what plaintiffs are looking for.

So if you could describe to me, if I were to write an order describing the limited scope that plaintiffs are entitled to seek, how would you describe that?

**MR. LEVINE:** Well, I guess what I would describe these requests as a certain go gets is how I refer to them in my practice. They're not things that require new discovery or search terms. They're things that somebody --

**THE COURT:** Has, somebody has in their file?

**MR. LEVINE:** Yes, exactly. But if it would be easier for the Court we could, of course, submit copies of the

discovery to be included in an order.

**THE COURT:** So I know the press is going to say that I was sarcastic, and I'm not. I don't want to do your job and my job. I want to do my job.

**MR. LEVINE:** Sure. Of course.

**THE COURT:** So you doing your job helps me do my job.

So how would you describe the general scope of the discovery? In other words, if I were going to say you get 15 docs requests; you get 15 interrogatories all related to the practice, policies, protocols pertaining to blah, what's the blah?

**MR. LEVINE:** Pertaining to the medical care, food, water, and hygiene.

**THE COURT:** So basically copying and pasting the areas of treatment that the Complaint chiefly complains about?

**MR. LEVINE:** Yes, entirely. More specifically copying the issues that are raised in our briefing, sorry.

**THE COURT:** And the time frame? I don't mean due date; I mean how far is the lookback?

**MR. LEVINE:** Yeah, we would look -- for most of these things we would think just from February of 2025 to present. There might be one or two requests where we'd like to go back to like October 2024 to capture what was happening at the facility prior to the waiver being implemented, but

otherwise we're not talking about going back in time to the prior years.

**THE COURT:** Okay. And the doc requests, are they sort of married to the interrogatories? In other words, the documents that relate to the responses themselves? I mean, you're asking what are the policies about this and then give me any documents that relate to that?

**MR. LEVINE:** We do have -- I think there is a request for any written policies covering the following: It's just the types of subjects that you've alluded to, Your Honor. And then we do have a document request for any documents that have been referenced or cited to in the interrogatory responses.

**THE COURT:** Okay. So that helps me as far as understanding what the scope is. And I assume -- Mr. Moore is obviously going to have a lot to say about the time frame for a response even if I were to allow all of this, but surely all of this is to inform, I'm assuming, what are to be amended motions.

**MR. LEVINE:** That's correct, Your Honor. Our intent is absolutely to proceed in refiling our motion for class cert and preliminary injunction as soon as we can get some discovery to address the issues that were raised in your decision.

**THE COURT:** Okay. So if you're able because you've

already drafted them, more or less. If you're able to get out this preliminary discovery by Friday, what's the turnaround time?

**MR. LEVINE:** We were thinking a 60-day schedule in total. That would be 30 days for documents and then an additional 30 days for a potential one or two depositions, probably of Officer Guerrero and to the extent anyone else is identified as having relevant knowledge in the interrogatory responses; perhaps one other.

**THE COURT:** Um-hum. Okay. I'm saying "okay" because I'm thinking. I'm not saying "okay" because I'm approving.

**MR. LEVINE:** I get it. Yes, Your Honor.

**THE COURT:** I know you get it, but others may not so I just want to be clear.

Okay, so 60 days and then at some -- 60-ish plus days, you want time to file supplemental motions and then we would have an agreed upon briefing schedule about all that jazz, right?

**MR. LEVINE:** That would be the idea, Your Honor; yes.

**THE COURT:** Okay. Anything else you want to say just generally before I ask what Mr. Moore's thoughts are?

**MR. LEVINE:** Just to reiterate, we moved in this case for immediate PI without getting discovery because of the

urgency of the circumstances. The urgency hasn't changed. The practices are continuing. People are being exposed to the same conditions that we've highlighted in our briefing. And so that's why we think expedited discovery is particularly warranted.

**THE COURT:** Look, I respect and I -- this would apply to any case, but I certainly appreciate, especially in cases involving sort of the combo TRO/PI request, that lawyers have to make a very critical tactical choice about whether to pursue preliminary discovery. And you sort of -- you hope and you pray you end up not needing it.

And I will be very candid with you: My opinion on the class cert is what it is because I'm not going to go down that path only to have it bump up right back here. So, you know, I'm trying to be as surgical as I know all counsel are. I appreciate that.

So Mr. Moore, tell me what is your position on the discovery generally and whatever else you want to let me know.

**MR. MOORE:** Sure. Well, the plaintiffs are seeking the discovery under an exception in the federal rules, right? I believe it's 2016. The exception is to the general principle and rule that discovery is not to be sought by the parties before initial 26(f) scheduling conference. And correct me if I'm wrong, Your Honor, but I don't believe we've even had that yet.

So there's an exception here that they're seeking the discovery and we don't think it applies. There's a certain category of subject matter that allows for those exceptions. It's five or six different types of subject matter. We don't believe that it fits into any of those.

So I think first I want to frame this and just make sure the Court is aware that this is not the norm; this is kind of an exception to the norm and we don't think there's merit here for the exception.

Second, defendants think --

**THE COURT:** Are you speaking with respect -- and perhaps you're speaking as to both so I don't mean to assume without knowing, but are you speaking with respect to the general practice of pre-certification discovery, or pre-preliminary injunction hearing discovery, or both?

**MR. MOORE:** I'm just speaking to more generally in litigation under the federal rules and then also what the plaintiffs represented in their filing in terms of seeking the discovery under 26(g). So --

**THE COURT:** Okay.

**MR. MOORE:** Yeah.

**THE COURT:** Okay.

**MR. MOORE:** And then beyond that, Your Honor, we see, you know, the outlook right now based on the Court's order, we think this is an issue primarily right now of class

construction. And that as the Court noted in the order, there's kind of a sweeping number of claims and allegations, some of which do not even pertain to the detainees whose testimony was cited in the declarations, much less project to this class of putative plaintiffs as broadly defined.

So we think there's an issue of class construction where plaintiffs probably need to either narrow their putative class, or identify new class representatives, or some combination thereof. Obviously plaintiffs are the master --

**THE COURT:** Or narrow the claims is a third choice.

**MR. MOORE:** Or narrow the claims. And the plaintiffs are, of course, the master of their lawsuit. And so we think what this kind of is is a little bit of an effort to kind of cure defects in the way they chose to litigate this case by seeking discovery at this time. And discovery is not supposed to be a fishing expedition to kind of identify new plaintiffs which is really right now kind of what is needed for them to have a cohesive viable class based on the Court's order.

So for that matter it's kind of seeking a remedy so-to-speak that actually does not address the defects or the issues with their class.

**THE COURT:** So, I mean, you lost me a little bit there at the end and that's probably my fault and not yours, but I just -- I mean, you know, as we've just said, I mean,

the plaintiffs' counsel are the captains of their ship and I don't disagree with you from a general matter. There's lots of different ways they might reapproach this issue. But part of the rulings of the Court or the findings of the Court with respect to the commonality problems, they don't really necessitate discovery that would identify new plaintiffs because the class is drawn as broadly as it's drawn. The question is whether it is to be certified based on uncommonality.

And as far as the individual plaintiffs who are named is concerned, the defect with respect to them really had to do with the representation issues I identified. So I think I heard you say that the discovery that was proposed is wrongly intended to cure defects with which the Court -- that the Court observed in its memo or to find new or additional plaintiffs and I think that's where you lost me, and maybe I misunderstood you.

**MR. MOORE:** Well again, so to the issues of commonality, right, I mean, I think it was cited in the order that as presently constituted there would be -- if certification were to occur, there would be a substantial risk of providing a remedy to individuals who do not have a right to recover. And so, you know, again, the plaintiffs have chosen to define the putative class as anybody who walks into the facility. And yet a big focus of their claims in our

allegations pertain to a purported denial of the medical care based on two individuals, primarily, who have very particular medical conditions that obviously do not project out to a general population. And there's a lot of ways they could narrow their class to actually, you know, kind of surgically target medical -- individuals who have medical issues or a medical risk profile. But that's not what they've chosen to do.

But what they're seeking here is, it's not -- I mean, it doesn't get to some type of claim that is currently actually legitimately at issue. I mean, that's our position that, you know, one of the things they're seeking is to inform these access to medical care issues or the purported denial of medical care. But there's no reason to think based on anything that has either been alleged or litigated and decided so far that there actually are issues of access to medical care based on the population at large, based on the class, both the class and the facility and its protocols and all that kind of stuff.

So it's kind of seeking something that is, you know, sure, they believe it's helpful to their litigation; but it's not actually warranted based on where we're at.

**THE COURT:** Okay, I think I better understand. Okay.

Mr. Levine, can you help me shore up that gap?

**MR. LEVINE:** Sure. First off, just to address the

question about meeting discovery, joint identifying plaintiffs, as we understand the Court's decision, we don't feel like we necessarily need new plaintiffs at this time. We totally understand the Court's concerns about adequacy. We looked at the *Monroe* decision that the Court cited which was the circumstance where the named plaintiff was not even aware that their name had appeared in the lawsuit.

**THE COURT:** Yeah, I know. Different stuff, but yeah, um-hum.

**MR. LEVINE:** So I don't see any of our discovery as being intended to find new plaintiffs at all.

What it is intended to do is to flesh out the policies and practices that I think brought some concern to the Court about finding commonality. And we do think that there are a number of policies and practices that these documents would help establish.

And just to start with the medical practice in particular; yes, people have different medical needs. But our position is that everyone who walks into that facility is entitled to have the availability of medical care. And the concern is not specifics about how medical care is being rendered, but the absence of any medical staff at the facility at all. The absence of anybody who would order medication from people if they need it. And as far as we know, the absence of anyone who would render any kind of decision about

who needs to go to the hospital to get their meds and who could be left alone for seven days in a cell without access to it.

**THE COURT:** So as far as it's not a fishing expedition, that's because the two named plaintiffs have some relevant experience to the circumstances about which you're talking?

**MR. LEVINE:** That's true, Your Honor. And also, I think there's half a dozen or more other declarations in support of our initial motion where people cited the inability to get medication.

I actually also think Officer Guerrero's declaration confirms our allegation because what he says is if people's family members bring them medication, they can have it; otherwise, somebody is going to decide whether they need to go to the hospital or not. And we don't know who that is, but our sense is it's not a doctor or a nurse.

**THE COURT:** Okay, that's one issue.

**MR. LEVINE:** So that's one issue.

The same with in terms of crowding, we believe that there is a formal policy in place that says that they will allow up to 35 people in these cells. We think that policy alone is creating unconstitutional conditions and we'd like to get documentation of what specifically --

**THE COURT:** You can move past that one.

**MR. LEVINE:** Sure.

The outright denial of access to exercise or recreational activities which we also understand to be undisputed. We don't think that defendants have contested that when people are brought to this facility they can be left in a cell for seven days without leaving the cell at all, without having any access to the outdoors, or exercise, or reading materials or anything like that. So again, we think that contributes to the unconstitutional conditions.

The provision of nutritionally inadequate food, we would contend that they have a policy of providing inadequate quantities and --

**THE COURT:** So I know what you contend. My question is I'm not going to -- you know, I don't want to be issuing an order permitting preliminary discovery for what Mr. Moore has described as a fishing expedition. So what is there now that provides a good faith basis to anticipate that you're going to--

**MR. LEVINE:** Yes; just the declarations, Your Honor. We submitted numerous declarations from these people attesting to these exact conditions.

**THE COURT:** And what about the attorney access?

**MR. LEVINE:** Attorney access is not really -- I don't think we're even contemplating a request on that at this moment. Yeah, I don't think that's going to be the focus of

our discovery right now.

**THE COURT:** Okay, okay.

Mr. Moore, anything else?

**MR. MOORE:** Well, one additional point, Your Honor, which is -- this is something I think I mentioned at our last status hearing which is, you know, the claims have not been -- the claims themselves have not been tested in a responsive pleading. There's now a second amended complaint which added, I believe, four additional claims. There's 11 claims altogether. It is defendants' intention to likely bring a motion to dismiss in whole or in part of the second amended complaint. And it gets to the wider principle that before you have discovery to particular claims and particular allegations, you know, some basic viability of those claims both from a class standpoint and that's the class construction and certification, but also just, you know, a pleadings standpoint should occur first.

So, you know, we made this concern known to the Court before and I totally respect the Court's decision that said essentially there will be time for that. It's not completely aberrant for preliminary injunction motions and class certification motions to proceed in a responsive pleading, but now here we are on the other side of the order. And again, it's our intention now to go forward with now a new complaint and file at least a partial motion to dismiss.

**THE COURT:** When are you going to file that? I mean, I realize we have an amended pleading that was submitted so I'm not faulting you for not filing by July 22nd. But that was the original date that was agreed upon. So when are you going to file?

**MR. LEVINE:** Right. So we're looking at bringing it next week. And again, I mean, I need to have a little bit further discussions with the client about kind of that plan. But I did want to kind of flag for the Court that that's our likely path here in the immediate future.

**THE COURT:** And so you're proposing that I wait for that and rule on that before determining whether to go forward with any preliminary discovery which, of course, would pause the class cert and PI amended issues?

**MR. LEVINE:** Right. I mean, yes. Because the issues with -- the scope of the litigation should essentially, if not be totally defined, at least be more narrowed or have more of a basis to have been both challenged, probed, and come out the other side as viable which we don't believe it is right now either. Again, a combination of their claims and the way they have chosen to craft their class we don't believe there's viability certainly in the entirety of it and maybe not in much of it. So that should be tested first.

**THE COURT:** Are you talking about 12(b)(6) grounds or something else? Can you enlighten me?

**MR. LEVINE:** Probably 12(b)(1) and 12(b)(6), Your Honor, both jurisdictional and pleading.

**THE COURT:** Okay, all right.

I'm going to take a recess. But before I do that, Mr. Levine, is there anything else you wanted to add?

**MR. LEVINE:** Just, Your Honor, that it is common to have discovery proceed while there's a motion to dismiss pending. And under these circumstances, we think that for the reasons I discussed this is particularly urgent. The irreparable harm to people being detained across the street in that facility will continue for as long as it's allowed to continue. And there's very limited prejudice to the Government for being required to engage in some narrow limited discovery while the motion to dismiss is being briefed.

**THE COURT:** Okay, all right. I thank you all. Just give me a few minutes. If you need to use the restroom, feel free to do so. I'll take a few minutes, okay? Thank you.

**(Whereupon a recess was taken.)**

**THE COURT:** Thank you; please be seated. Thank you four your patience.

All right, so there's a couple of things I want to make sure that I address. First of all, I just kind of want to -- I just want to note and I realize you may not know right this second, but I want to know from plaintiffs, as you sit here today, are you planning on filing an amended pleading?

**MS. DAGEN:** Not as of this moment, Your Honor.

**THE COURT:** Okay. I am going to set out a couple of things here. So first of all, as far as the Government's planned motion to dismiss, it will file what it's going to file in accordance with the deadlines and the time frame that you see fit. Response will be whatever it is in accordance with the Court rules and, of course, plaintiffs are entitled to respond earlier than that.

I want to commend certain things to the attention of both parties. And I also want to be careful in when I say this to manage two things: I want to communicate some things that I'm concerned are not being given enough attention. I also don't want to give the misimpression that I've already gone somewhere in my head with it.

So I really do -- I'm trying to collaborate with everybody for efficiency and to make sure that we're all as surgical as we can be, but I'm in kind of a funky position because I don't want to give the impression of putting my foot on the pedal one way or the other. So I say this, you know, in earnestness and with open palms to both sides.

With respect to the motion to dismiss that the Government may be filing, picking up on the 12(b)(1) potential grounds, I just want to ensure, Mr. Moore, that you reread the standing mootness issues that were already addressed. You are the captain of your ship so you will argue whatever you will

argue. I would only ask that you do your best to avoid relitigating issues that have already been put to rest and if you think they're different, you'll raise them.

With respect to plaintiffs, I want to be cautious in how I say this, but I really want everyone to kind of have their eyes wide open. I commend to your attention a review of the Court's ruling beginning on page 23 through page 28. That's the commonality deficiency aspect. I agree that issues of policies, practices, protocols, all the P words in their general existence is relevant. It must be more than that to overcome what I view as the commonality deficiency as I've explained it in the memorandum opinion. So I don't have anything different to say about that or anything to add about that, but I want to be cautious about making sure that you use -- and I'll get to the issue of discovery in a moment, but I'm not going to bury the lead. You will be getting discovery. I want to make sure that you use it in a way that is helpful to the Court and doesn't wind up being a lot of effort based on a misunderstanding of what the Court's ruling is about what I view as the deficiency and commonality for some of the issues.

I am persuaded that this is not a fishing expedition based on the record before me and I don't think I need to wax poetic about it, but there is a plentiful record here to satisfy me that this is not a fishing expedition. And when I say "this," I mean the request for preliminary expedited

discovery. I'm satisfied that it's appropriate here both with respect to the certification issues and the preliminary injunction motion that flows from that.

I will also note that not only is it not a fishing expedition in my opinion, having the tools that may come to bear from discovery responses will aid the Court in making more refined, durable decisions. And frankly, to the extent that the Government will take certain positions or defenses in opposing, I think likewise whatever the existing documents demonstrate or don't demonstrate will equally inure to the benefit of the Government defendants. So I don't think anyone is at odds with a discovery -- a brief discovery schedule here.

I'm going to ask you, Mr. Levine, to propose or to submit, to file a proposed order. I'm going to allow the following and I'm going to give you the deadlines. And there's one thing I sort of -- the blank that I want you to fill in is your proposed scope in terms of the description. I agree with your February 2025, for certain stuff October 2024. I think that's totally reasonable and narrowly tailored and well tied to what are clearly public facts in this case. You will get 15 documents, 15 document requests; 15 interrogatories; you will get one deposition.

Here is the schedule: Written discovery goes out by August 8; that's Friday. Responses are due September 8; I

think that's a Monday. Because I know lawyers need time to review documents before they can sit down and take a deposition because you won't be getting any supplemental discovery, you will have that deposition done by September 29. I'm sorry -- yes, September 29. I missed a deadline in there. Discovery goes out -- discovery request Friday, August 8. Discovery responses, Monday, September 8. The written and exchange portion of that is going to be done by September 19 and your deposition must be taken by September 29. You can take your deposition any old time within that time frame, but what I want to be sure is that there's not a dispute about if there's -- and I don't mean this in a sarcastic way because reality is what it is. If there's a claim of a rolling production or anything like that or we're going to supplement when I know more, that discovery deadline is September 19. And the deposition must be completed by September 29. Again, it can be taken at any time, but I wanted to ensure that everybody has adequate time to prepare with the benefit of full written and document discovery.

So I want, Mr. Levine, for you to propose to me that subject matter scope. And here is what I want to avoid; and to some extent it's self-interested. I don't fancy discovery disputes so I'm going to try to give you as many tools or information about what I'm thinking now so that everybody when you go back to your offices if there are disputes you might be

able to sort of intuit what a compromise would be based on what I've said.

So like I said, policies, practices, protocols, all that stuff obviously is fair game and is relevant. You know, the discovery should, you know, reasonably drill down to cure to the extent possible or to seek to cure the deficiencies noted in the Court's memorandum opinion.

And so I don't want to -- I don't want to generate discovery disputes about the scope and I'd rather not have to deal with them at all, although I know they may arise and I will make myself as available as promptly as possible as I can.

So are there any questions about that?

**MR. LEVINE:** I don't think so, Your Honor.

**MR. MOORE:** Thank you, Your Honor.

**THE COURT:** So like I said, I realize -- I also, as far as the discovery time frame and allowing it, I do obviously based on my papers, you know, based on the public nature of circumstances in terms of what the Court can determine are currently practices in place, when I say "public nature of the circumstances," I mean publications of the Government itself. There's no question that there are potentially exigent circumstances here. There is an urgency here, I will say that for sure, just given the nature of the circumstances that are in our country right now and the number

of people being held. And that is a matter with which the Court can take judicial notice.

So I do think that there is an issue of urgency, so I do want to make sure that the discovery is hustled along. And I would please ask you to avoid needless disputes.

So with that, I will also just advise the parties again that I am going to be out of the country at the -- sort of during your discovery period, obviously not all of it, but so there may be an inability on my part to get back to you as quickly as I might like during that period. So just bear that in mind as far as trying to get along if there are discovery disputes. But as I said, I will be as available as humanly possible.

Okay, so in as much as plaintiffs have until Friday to issue their discovery requests, Mr. Levine, do what you can to get me a proposed order. I would ask that you confer with Mr. Moore about its content. And Mr. Moore, if you and Mr. Levine don't see eyeball to eyeball on the scope and I understand that the defense does not agree or the respondents don't agree to the Court's order so you certainly will not be waiving any objection by cooperating, but I would like you to try to cooperate on the scope.

So Mr. Levine, when you file your proposed order, if you could indicate defense objects, or respondents object, or respondents consent or agree with the scope, that would be

helpful as well.

Can you try to get it to me by noon tomorrow?

**MR. LEVINE:** Absolutely, Your Honor.

**THE COURT:** Okay. And if that's not possible, just tell me.

Okay. And Mr. Moore, you'll file when you file.

**MR. MOORE:** Sounds good.

**THE COURT:** Yeah. And depending on -- depending on when you file it, depending on its content and I, you know, since I don't know what it's going to say, I don't know exactly when you're going to file it so I'll figure out then sort of what the order of events is going to be so that we can try to do things in some kind of a linear fashion. But I know that that might be challenging.

So let me just before I go, I do want to get into the deadline for the amended certification and PI papers.

So the -- what did I say, discovery paper deadline was what, September 19? Is that what I said?

**THE COURTROOM DEPUTY:** Yes, Your Honor.

**THE COURT:** And then your deposition has to be done by the 29th, right?

**MS. DAGEN:** Yes, Your Honor. That's what we had written down.

**THE COURT:** What do you need for an amended motions deadline? And/or do you want to try to work together on that

offline? I don't really care, I just want to have a map.

**MR. LEVINE:** We can discuss it offline, Your Honor. My initial thought is 30 days or something in that ballpark. But if Your Honor has a particular time --

**THE COURT:** I don't, I don't. I mean, I don't. I don't have a problem with that.

Okay, so maybe, Mr. Moore, when Mr. Levine reaches out to you about the discovery proposed scope you guys can hammer out a date for the amended class cert and PI motions to be filed to include the respondents' response dates and a reply.

**MR. MOORE:** Okay.

**THE COURT:** And then, you know, at some point if the Government files its motion which sounds like if it's going to happen it will happen in the near term, you know, it may be self-evident what the order of events should be. Okay.

All right, I appreciate everybody's patience during the recess. There's a lot of moving parts and I just want to be sure I don't forget to address them extensively. So if you need any help on the scope of the order, you know, I can try to get on the phone with you; but I just ask you to try to work it out.

Okay, all right. Thank you so much. Court is adjourned.

**(Whereupon the proceeding was concluded at 12:37 p.m.)**

CERTIFICATE OF OFFICIAL REPORTER

I, Nadine M. Bachmann, Registered Merit Reporter and Certified Realtime Reporter, do hereby certify that the foregoing is a correct transcript of the audio-recorded proceedings in the above-entitled matter, audio recorded via FTR Gold on August 6, 2025, and transcribed from the audio recording to the best of my ability and that said transcript has been compared with the audio recording.

Dated this 26th day of September, 2025.

*-S-*

NADINE M. BACHMANN RMR, CRR
FEDERAL OFFICIAL COURT REPORTER

## #

**#896645** [1] - 1:18

## 1

**10001** [1] - 1:21
**1001** [1] - 1:23
**1025** [1] - 1:14
**11** [1] - 19:9
**11:15** [1] - 3:2
**12(b)(1** [2] - 21:1, 22:22
**12(b)(6** [2] - 20:24, 21:1
**12:37** [1] - 29:23
**14** [1] - 5:15
**14th** [1] - 5:8
**15** [7] - 6:13, 6:14, 8:9, 8:10, 24:22
**175** [1] - 1:18
**1763** [1] - 1:17
**19** [3] - 25:8, 25:15, 28:18
**1:25-cv-01613-JRR** [1] - 1:4

## 2

**20004** [1] - 1:24
**20006** [1] - 1:15
**20009** [1] - 1:18
**20044** [1] - 2:3
**2016** [1] - 11:21
**2024** [2] - 8:24, 24:19
**2025** [5] - 1:9, 8:22, 24:19, 30:9, 30:13
**21** [1] - 5:15
**21st** [1] - 5:9
**22nd** [1] - 20:3
**23** [1] - 23:7
**25-cv-1613-JRR** [1] - 3:4
**26(f** [1] - 11:23
**26(g)** [1] - 12:19
**26th** [1] - 30:13
**28** [1] - 23:7
**29** [4] - 25:4, 25:5, 25:9, 25:16
**29th** [1] - 28:21

## 3

**30** [4] - 7:5, 10:5, 10:6, 29:3
**35** [1] - 17:22
**375** [1] - 1:21

## 6

**6** [2] - 1:9, 30:9
**60** [1] - 10:16
**60-day** [1] - 10:4
**60-ish** [1] - 10:16

## 7

**701** [1] - 1:15

## 8

**8** [4] - 24:25, 25:6, 25:7
**878** [1] - 2:3

## A

**a.m** [1] - 3:2
**aberrant** [1] - 19:21
**ability** [1] - 30:10
**able** [3] - 9:25, 10:1, 26:1
**about** [31] - 4:2, 4:4, 4:8, 4:22, 4:25, 8:16, 9:1, 9:6, 9:16, 10:18, 11:9, 16:1, 16:4, 16:14, 16:21, 16:25, 17:6, 18:22, 20:8, 20:24, 23:13, 23:14, 23:19, 23:23, 25:11, 25:24, 26:9, 26:13, 27:17, 29:8
**above** [1] - 30:8
**above-entitled** [1] - 30:8
**absence** [3] - 16:22, 16:23, 16:25
**absolutely** [2] - 9:21, 28:3
**access** [7] - 15:13, 15:16, 17:2, 18:2, 18:7, 18:22, 18:23
**accordance** [2] - 22:5, 22:6
**across** [1] - 21:10
**activities** [1] - 18:3
**actually** [7] - 6:25, 13:21, 15:5, 15:10, 15:16, 15:22, 17:12
**add** [2] - 21:5, 23:13
**added** [1] - 19:8
**additional** [4] - 10:6, 14:15, 19:4, 19:9
**address** [6] - 5:25, 9:23, 13:21, 15:25, 21:22, 29:18
**addressed** [1] - 22:24
**adequacy** [1] - 16:4
**adequate** [1] - 25:18
**adjourned** [1] - 29:22
**advise** [3] - 3:25, 4:16, 27:6
**after** [2] - 5:10, 5:12
**again** [8] - 14:18, 14:23, 18:8, 19:23, 20:7, 20:20, 25:16, 27:6
**agree** [5] - 23:8, 24:19, 27:19, 27:25
**agreed** [2] - 10:18, 20:4
**aid** [1] - 24:6
**Aided** [1] - 1:25
**al** [4] - 1:3, 1:5, 3:4, 3:5
**allegation** [1] - 17:13
**allegations** [3] - 13:2, 15:1, 19:14
**alleged** [1] - 15:15
**allow** [3] - 9:17, 17:21, 24:15
**allowed** [1] - 21:11
**allowing** [1] - 26:17
**allows** [1] - 12:3
**alluded** [1] - 9:10
**allusions** [1] - 5:24
**alone** [2] - 17:2, 17:22
**along** [2] - 27:4, 27:11
**already** [4] - 10:1, 22:13, 22:24, 23:2
**also** [12] - 4:5, 4:21, 12:17, 17:8, 17:12, 18:3, 19:16, 22:10, 22:12, 24:4, 26:16, 27:6
**although** [1] - 26:10
**altogether** [1] - 19:10
**always** [1] - 4:8
**am** [4] - 5:11, 22:2, 23:21, 27:7
**Amelia** [1] - 3:9
**AMELIA** [1] - 1:13
**amenable** [1] - 4:23
**amended** [9] - 9:18, 19:8, 19:11, 20:2, 20:14, 21:25, 28:16, 28:24, 29:9
**AMICA** [1] - 1:14
**and/or** [1] - 28:25
**anticipate** [1] - 18:17
**anybody** [2] - 14:24, 16:23
**anyone** [3] - 10:7, 16:25, 24:11
**anything** [8] - 10:22, 15:15, 18:8, 19:3, 21:5, 23:13, 25:14
**appeared** [1] - 16:7
**applies** [1] - 12:2
**apply** [1] - 11:7
**appreciate** [5] - 4:10, 7:7, 11:7, 11:16, 29:16
**appropriate** [1] - 24:1
**approving** [1] - 10:12
**are** [45] - 3:23, 4:7, 4:17, 4:18, 5:18, 5:21, 6:21, 7:5, 7:9, 7:15, 7:17, 8:18, 9:3, 9:6, 9:18, 10:23, 11:2, 11:15, 11:19, 12:11, 12:13, 13:9, 13:12, 14:1, 14:10, 15:16, 16:14, 18:5, 19:23, 20:1, 20:4, 20:24, 21:25, 22:7, 22:12, 22:24, 24:21, 24:25, 25:25, 26:13, 26:20, 26:22, 26:25, 27:11
**areas** [1] - 8:16
**argue** [2] - 22:25, 23:1
**arise** [1] - 26:10
**ask** [7] - 4:15, 10:23, 23:1, 24:14, 27:5, 27:16, 29:20
**asking** [2] - 5:18, 9:6
**aspect** [1] - 23:8
**assume** [2] - 9:15, 12:12
**assuming** [1] - 9:18
**assure** [1] - 7:11
**attention** [3] - 22:9, 22:12, 23:6
**attesting** [1] - 18:20
**attorney** [2] - 18:22, 18:23
**audio** [4] - 30:7, 30:8, 30:9, 30:11
**audio-recorded** [1] - 30:7
**August** [8] - 1:9, 5:8, 5:9, 5:15, 24:25, 25:6, 30:9
**availability** [1] - 16:20
**available** [2] - 26:11, 27:12
**Avenue** [3] - 1:14, 1:21, 1:23
**avoid** [3] - 23:1, 25:21, 27:5
**aware** [2] - 12:7, 16:6

## B

**BACHMANN** [1] - 30:16
**Bachmann** [1] - 30:5
**back** [6] - 5:17, 8:24, 9:1, 11:14, 25:25, 27:9
**Bacon** [1] - 3:5
**BACON** [1] - 1:5
**bail** [6] - 4:2, 4:6, 4:13, 4:22, 5:6, 5:8
**ballpark** [1] - 29:3
**Baltimore** [1] - 1:10
**based** [13] - 12:24, 13:18, 14:8, 15:2, 15:14, 15:17, 15:22, 23:18, 23:22, 26:1, 26:18
**basic** [1] - 19:14
**basically** [1] - 8:15
**basis** [3] - 4:9, 18:17, 20:18
**bear** [2] - 24:6, 27:10
**because** [13] - 9:25, 10:11, 10:25, 11:13, 14:7, 17:5, 17:13, 20:15, 22:18, 25:1, 25:3, 25:12
**been** [8] - 6:25, 9:12, 15:15, 19:6, 19:7, 20:18, 23:2, 30:11
**before** [11] - 3:3, 3:5, 10:23, 11:23, 19:12, 19:19, 20:12, 21:4, 23:22, 25:2, 28:15
**BEFORE** [1] - 1:8
**beginning** [1] - 23:7
**behalf** [1] - 3:21
**believe** [8] - 11:21, 11:24, 12:5, 15:21, 17:20, 19:9, 20:19, 20:21
**Ben** [1] - 2:3
**benefit** [2] - 24:11, 25:18
**best** [2] - 23:1, 30:10
**better** [2] - 7:14, 15:23
**beyond** [1] - 12:23
**big** [1] - 14:25
**bit** [4] - 5:5, 13:13, 13:23, 20:7
**blah** [2] - 8:11, 8:12
**blank** [1] - 24:17
**both** [9] - 12:12, 12:15, 15:18, 19:15, 20:18, 21:2, 22:9, 22:20, 24:1
**Box** [1] - 2:3
**Brendan** [1] - 3:20
**BRENDAN** [1] - 2:2
**brief** [1] - 24:12
**briefed** [1] - 21:14
**briefing** [7] - 4:4, 4:22, 5:6, 5:14, 8:18,

10:18, 11:3
**bring** [2] - 17:14, 19:10
**bringing** [1] - 20:6
**broadly** [2] - 13:5, 14:7
**brought** [2] - 16:13, 18:5
**bump** [1] - 11:14
**bury** [1] - 23:16
**but** [38] - 4:7, 5:14, 7:24, 8:25, 9:17, 10:14, 11:7, 11:24, 12:13, 13:25, 14:3, 15:7, 15:9, 15:14, 15:21, 16:8, 16:18, 16:22, 17:16, 19:16, 19:22, 20:3, 20:9, 21:4, 21:24, 22:17, 23:5, 23:14, 23:15, 23:23, 25:10, 25:17, 27:8, 27:12, 27:21, 28:13, 29:4, 29:20
**BY** [2] - 1:13, 2:2

## C

**C** [2] - 1:11, 3:1
**can** [20] - 5:4, 9:22, 15:24, 17:14, 17:25, 18:5, 20:25, 22:17, 25:2, 25:9, 25:17, 26:12, 26:19, 27:2, 27:15, 28:2, 28:12, 29:2, 29:8, 29:19
**candid** [1] - 11:12
**captain** [1] - 22:25
**captains** [1] - 14:1
**capture** [1] - 8:24
**care** [8] - 8:13, 15:1, 15:13, 15:14, 15:17, 16:20, 16:21, 29:1
**careful** [1] - 22:10
**case** [4] - 10:25, 11:7, 13:15, 24:21
**cases** [1] - 11:8
**category** [1] - 12:3
**cautious** [2] - 23:4, 23:14
**cell** [3] - 17:2, 18:5, 18:6
**cells** [2] - 7:4, 17:22
**CENTER** [1] - 1:14
**cert** [4] - 9:21, 11:13, 20:14, 29:9
**certain** [6] - 5:24, 7:20, 12:2, 22:9, 24:8, 24:19
**certainly** [3] - 11:7, 20:22, 27:20
**CERTIFICATE** [1] - 30:1
**certification** [7] - 4:20, 12:14, 14:21, 19:16, 19:22, 24:2, 28:16
**Certified** [1] - 30:6
**certified** [1] - 14:8
**certify** [1] - 30:6
**challenged** [1] - 20:18
**challenging** [1] - 28:14
**changed** [1] - 11:1
**chiefly** [1] - 8:16
**choice** [2] - 11:9, 13:10
**choose** [1] - 4:7
**chose** [1] - 13:14
**chosen** [3] - 14:24, 15:7, 20:21
**circumstance** [1] - 16:6
**circumstances** [7] - 11:1, 17:6, 21:8, 26:19, 26:21, 26:23, 26:25
**cited** [5] - 9:12, 13:4, 14:19, 16:5, 17:10
**Civil** [2] - 2:2, 3:4
**CIVIL** [1] - 1:4
**claim** [2] - 15:10, 25:13
**claims** [12] - 4:14, 13:2, 13:10, 13:11, 14:25, 19:6, 19:7, 19:9, 19:13, 19:14, 20:20
**class** [22] - 4:1, 4:20, 9:21, 11:13, 12:25, 13:5, 13:6, 13:8, 13:18, 13:22, 14:7, 14:24, 15:5, 15:17, 15:18, 19:15, 19:21, 20:14, 20:21, 29:9
**clear** [1] - 10:15
**clearly** [1] - 24:21
**client** [1] - 20:8
**cohesive** [1] - 13:18
**collaborate** [1] - 22:15
**collect** [1] - 5:23
**Columbia** [1] - 1:17
**combination** [2] - 13:9, 20:20
**combo** [1] - 11:8
**come** [2] - 20:18, 24:5
**comes** [1] - 3:5
**commend** [2] - 22:9, 23:6
**common** [1] - 21:6
**commonality** [6] - 14:5, 14:19, 16:14, 23:8, 23:11, 23:20
**communicate** [1] - 22:11
**compared** [1] - 30:11
**complains** [1] - 8:16
**complaint** [3] - 19:8, 19:12, 19:24
**Complaint** [1] - 8:16
**completed** [1] - 25:16
**completely** [1] - 19:20
**compromise** [1] - 26:1
**Computer** [1] - 1:25
**Computer-Aided** [1] - 1:25
**concern** [3] - 16:13, 16:21, 19:18
**concerned** [3] - 4:6, 14:11, 22:12
**concerns** [1] - 16:4
**concluded** [1] - 29:23
**conditions** [5] - 11:3, 15:3, 17:23, 18:9, 18:21
**confer** [1] - 27:16
**CONFERENCE** [1] - 1:8
**conference** [3] - 3:6, 3:23, 11:23
**confirms** [1] - 17:13
**Connecticut** [1] - 1:14
**consent** [1] - 27:25
**constituted** [1] - 14:20
**construction** [3] - 13:1, 13:6, 19:15
**contemplating** [1] - 18:24
**contend** [2] - 18:11, 18:13
**content** [2] - 27:17, 28:9
**contents** [1] - 7:2
**contested** [1] - 18:4
**continue** [2] - 21:11, 21:12
**continuing** [1] - 11:2
**contributes** [1] - 18:8
**cooperate** [1] - 27:22
**cooperating** [1] - 27:21
**copies** [1] - 7:25
**copying** [2] - 8:15, 8:18
**correct** [3] - 9:20, 11:24, 30:7
**could** [5] - 7:16, 7:25, 15:4, 17:2, 27:24
**counsel** [5] - 3:7, 3:18, 3:24, 11:15, 14:1
**country** [3] - 5:12, 26:25, 27:7
**couple** [2] - 21:21, 22:2
**course** [5] - 7:25, 8:5, 13:12, 20:13, 22:7
**COURT** [54] - 1:1, 3:11, 3:15, 3:17, 3:22, 4:25, 5:11, 6:4, 6:6, 6:10, 6:12, 6:16, 7:6, 7:13, 7:23, 8:2, 8:6, 8:15, 8:19, 9:3, 9:14, 9:25, 10:10, 10:14, 10:22, 11:6, 12:11, 12:20, 12:22, 13:10, 13:23, 15:23, 16:8, 17:4, 17:18, 17:25, 18:13, 18:22, 19:2, 20:1, 20:11, 20:24, 21:3, 21:15, 21:19, 22:2, 26:16, 28:4, 28:8, 28:20, 28:24, 29:5, 29:12, 30:16
**court** [1] - 29:22
**Court** [20] - 3:4, 3:5, 3:25, 5:15, 7:25, 12:7, 13:1, 14:4, 14:14, 14:15, 16:5, 16:13, 19:18, 20:9, 22:7, 23:18, 24:6, 26:19, 27:2
**Court's** [11] - 4:12, 7:13, 12:24, 13:18, 16:2, 16:4, 19:19, 23:7, 23:19, 26:7, 27:20
**COURTROOM** [3] - 3:3, 3:18, 28:19
**covering** [1] - 9:9
**craft** [1] - 20:21
**creating** [1] - 17:23
**critical** [1] - 11:9
**crowding** [1] - 17:20
**CROWELL** [2] - 1:20, 1:23
**CRR** [1] - 30:16
**cure** [4] - 13:14, 14:14, 26:5, 26:6
**currently** [2] - 15:10, 26:20
**custodial** [1] - 5:22

## D

**D** [1] - 3:1
**D.N.N** [1] - 1:3
**Dagen** [2] - 3:9, 4:15
**DAGEN** [6] - 1:13, 3:9, 4:18, 5:2, 22:1, 28:22
**date** [3] - 8:20, 20:4, 29:9
**Dated** [1] - 30:13
**dates** [1] - 29:10
**day** [1] - 30:13
**days** [7] - 10:5, 10:6, 10:16, 17:2, 18:6, 29:3
**DC** [4] - 1:15, 1:18, 1:24, 2:3
**deadline** [5] - 25:5, 25:15, 28:16, 28:17, 28:25
**deadlines** [2] - 22:5, 24:16
**deal** [1] - 26:10
**decide** [1] - 17:15
**decided** [1] - 15:15
**decision** [6] - 5:12, 9:24, 16:2, 16:5, 16:25, 19:19
**decisions** [1] - 24:7
**declaration** [6] - 5:24, 6:20, 6:22, 6:24, 7:1, 17:12
**declarations** [4] - 13:4, 17:9, 18:19, 18:20
**defect** [1] - 14:11
**defects** [3] - 13:14, 13:21, 14:14
**defendant** [1] - 3:18
**DEFENDANT** [1] - 6:11
**DEFENDANTS** [1] - 2:1
**defendants** [7] - 3:21, 4:22, 5:3, 5:7, 12:10, 18:4, 24:11
**Defendants** [1] - 1:6
**defendants'** [1] - 19:10
**defense** [2] - 27:19, 27:24
**defenses** [1] - 24:8
**deficiencies** [1] - 26:6
**deficiency** [3] - 23:8, 23:11, 23:20
**define** [1] - 14:24
**defined** [2] - 13:5, 20:17
**demonstrate** [2] - 24:10
**denial** [3] - 15:1, 15:13, 18:2
**Department** [1] - 2:2
**depending** [3] - 28:8, 28:9
**deposition** [7] - 24:23, 25:3, 25:4, 25:9,

25:10, 25:16, 28:20
**depositions** [1] - 10:6
**DEPUTY** [3] - 3:3, 3:18, 28:19
**describe** [4] - 7:16, 7:18, 7:19, 8:8
**described** [2] - 6:19, 18:16
**describing** [1] - 7:17
**description** [1] - 24:18
**detained** [2] - 6:25, 21:10
**detainees** [1] - 13:3
**determine** [1] - 26:20
**determining** [1] - 20:12
**did** [3] - 5:3, 20:9, 28:17
**different** [6] - 12:4, 14:3, 16:8, 16:18, 23:3, 23:13
**disagree** [1] - 14:2
**disclosure** [1] - 5:13
**discovery** [56] - 4:19, 5:1, 5:5, 5:18, 6:4, 6:17, 7:21, 8:1, 8:9, 9:23, 10:2, 10:25, 11:4, 11:10, 11:18, 11:20, 11:22, 12:2, 12:14, 12:15, 12:19, 13:15, 14:6, 14:13, 16:1, 16:10, 18:15, 19:1, 19:13, 20:13, 21:7, 21:14, 23:15, 23:16, 24:1, 24:6, 24:12, 24:24, 25:4, 25:6, 25:7, 25:15, 25:19, 25:22, 26:5, 26:9, 26:17, 27:4, 27:8, 27:11, 27:15, 28:17, 29:8
**discrete** [1] - 5:25
**discuss** [4] - 4:19, 5:4, 6:3, 29:2
**discussed** [3] - 4:25, 5:7, 21:9
**discussions** [1] - 20:8
**dismiss** [6] - 19:11, 19:25, 21:7, 21:14, 22:4, 22:21
**dispute** [1] - 25:11
**disputes** [5] - 25:23, 25:25, 26:9, 27:5, 27:12
**DISTRICT** [3] - 1:1, 1:1, 1:9
**Division** [1] - 2:2
**DIVISION** [1] - 1:2
**DNN** [1] - 3:4
**do** [27] - 5:17, 7:7, 8:3, 8:4, 8:6, 9:8, 9:11, 13:3, 14:11, 14:22, 15:3, 15:8, 16:12, 16:14, 21:4, 21:17, 22:15, 23:1, 26:17, 27:3, 27:15, 28:13, 28:15, 28:24, 28:25, 30:6
**doc** [1] - 9:3
**Docket** [1] - 3:4
**docs** [1] - 8:10
**doctor** [1] - 17:17
**document** [5] - 5:21, 6:14, 9:11, 24:22, 25:19
**documentation** [1] - 17:24
**documents** [11] - 5:23, 6:24, 7:2, 9:5, 9:7, 9:11, 10:5, 16:15, 24:9, 24:22, 25:2
**does** [2] - 13:21, 27:19
**doesn't** [2] - 15:10, 23:18
**doing** [1] - 8:6
**don't** [42] - 4:3, 6:1, 7:9, 8:3, 8:19, 11:24, 12:2, 12:4, 12:8, 12:12, 14:2, 14:5, 16:2, 16:10, 17:16, 18:4, 18:14, 18:24, 18:25, 20:19, 20:21, 22:12, 22:18, 23:12, 23:22, 24:10, 24:11, 25:12, 25:22, 26:8, 26:14, 27:18, 27:19, 28:10, 29:1, 29:5, 29:6, 29:18
**done** [3] - 25:4, 25:8, 28:20
**down** [4] - 11:13, 25:2, 26:5, 28:23
**dozen** [2] - 6:14, 17:9
**draft** [1] - 5:21
**drafted** [1] - 10:1
**drawn** [2] - 14:7
**drill** [1] - 26:5
**due** [3] - 5:8, 8:19, 24:25
**durable** [1] - 24:7
**during** [3] - 27:8, 27:10, 29:16

## E

**E** [4] - 1:11, 3:1
**earlier** [1] - 22:8
**earnestness** [1] - 22:20
**easier** [1] - 7:25
**efficiency** [1] - 22:16
**effort** [2] - 13:13, 23:18
**either** [3] - 13:7, 15:15, 20:20
**else** [6] - 10:7, 10:22, 11:18, 19:3, 20:25, 21:5
**end** [2] - 11:11, 13:24
**engage** [1] - 21:13
**enlighten** [1] - 20:25
**enough** [1] - 22:12
**ensure** [4] - 6:22, 7:7, 22:23, 25:17
**ensuring** [1] - 4:11
**entirely** [2] - 5:14, 8:17
**entirety** [1] - 20:22
**entitled** [4] - 7:18, 16:20, 22:7, 30:8
**equally** [1] - 24:10
**especially** [1] - 11:7
**ESQUIRE** [5] - 1:13, 1:16, 1:19, 1:22, 2:2
**essentially** [2] - 19:20, 20:16
**establish** [1] - 16:16
**et** [4] - 1:3, 1:5, 3:4, 3:5
**even** [5] - 9:17, 11:25, 13:3, 16:6, 18:24
**events** [2] - 28:12, 29:15
**everybody** [3] - 22:16, 25:18, 25:24
**everybody's** [1] - 29:16
**everyone** [2] - 16:19, 23:5
**everything** [1] - 7:8
**evident** [1] - 29:15
**evidentiary** [1] - 5:25
**exact** [1] - 18:21
**exactly** [4] - 7:8, 7:15, 7:24, 28:11
**examples** [1] - 6:18
**exception** [5] - 11:20, 11:21, 12:1, 12:8, 12:9
**exceptions** [1] - 12:3
**exchange** [1] - 25:8
**exercise** [2] - 18:2, 18:7
**exigent** [1] - 26:23
**existence** [1] - 23:10
**existing** [1] - 24:9
**expedited** [5] - 4:9, 4:19, 5:1, 11:4, 23:25
**expedition** [6] - 13:16, 17:5, 18:16, 23:21, 23:24, 24:5
**experience** [1] - 17:6
**explained** [1] - 23:12
**exposed** [1] - 11:2
**extensively** [1] - 29:18
**extent** [5] - 4:16, 10:7, 24:7, 25:22, 26:6
**eyeball** [2] - 27:18
**eyes** [1] - 23:6

## F

**facility** [8] - 6:21, 8:25, 14:25, 15:18, 16:19, 16:22, 18:5, 21:11
**fact** [1] - 7:9
**facts** [1] - 24:21
**fair** [1] - 26:4
**faith** [1] - 18:17
**family** [1] - 17:14
**fancy** [1] - 25:22
**far** [14] - 3:24, 4:5, 4:6, 5:14, 6:4, 8:20, 9:14, 14:10, 15:16, 16:24, 17:4, 22:3, 26:17, 27:11
**fashion** [1] - 28:13
**fault** [1] - 13:24
**faulting** [1] - 20:3
**February** [2] - 8:22, 24:19
**federal** [2] - 11:20, 12:17
**FEDERAL** [1] - 30:16
**feel** [2] - 16:3, 21:16
**few** [2] - 21:16, 21:17
**figure** [2] - 7:13, 28:11
**file** [13] - 7:23, 10:17, 19:25, 20:1, 20:5, 22:4, 22:5, 24:15, 27:23, 28:6, 28:9, 28:11
**filed** [1] - 29:9
**files** [1] - 29:13
**filing** [4] - 12:18, 20:3, 21:25, 22:22
**fill** [1] - 24:18
**filled** [1] - 7:5
**find** [2] - 14:15, 16:11
**finding** [1] - 16:14
**findings** [1] - 14:4
**fine** [2] - 5:14, 5:16
**first** [7] - 3:24, 12:6, 15:25, 19:17, 20:23, 21:22, 22:3
**fishing** [6] - 13:16, 17:4, 18:16, 23:21, 23:24, 24:4
**fit** [1] - 22:6
**fits** [1] - 12:5
**five** [1] - 12:4
**flag** [1] - 20:9
**flesh** [1] - 16:12
**fleshing** [1] - 7:8
**flows** [1] - 24:3
**focus** [2] - 14:25, 18:25
**following** [2] - 9:9, 24:16
**food** [2] - 8:13, 18:10
**foot** [1] - 22:18
**FOR** [4] - 1:1, 1:12, 1:14, 2:1
**foregoing** [1] - 30:7
**forget** [1] - 29:18
**formal** [2] - 6:2, 17:21
**forward** [3] - 4:1, 19:24, 20:12
**four** [2] - 19:9, 21:20
**frame** [6] - 8:19, 9:16, 12:6, 22:5, 25:10, 26:17
**Franklin** [1] - 2:3
**frankly** [1] - 24:7
**free** [1] - 21:17
**Friday** [4] - 10:2, 24:25, 25:6, 27:14
**FTR** [2] - 1:25, 30:9
**full** [2] - 5:13, 25:19
**funky** [1] - 22:17
**further** [1] - 20:8
**future** [1] - 20:10

## G

**G** [1] - 3:1
**game** [1] - 26:4
**gap** [1] - 15:24
**gaps** [1] - 6:1
**general** [7] - 6:6, 8:8, 11:21, 12:14, 14:2, 15:4, 23:10
**generally** [5] - 3:24, 4:15, 10:23, 11:18, 12:16
**generate** [1] - 26:8
**get** [19] - 8:9, 8:10, 9:22, 10:1, 10:13, 10:14, 15:10, 17:1, 17:11, 17:23, 23:15, 24:22, 24:23, 27:9, 27:11, 27:16, 28:2, 28:15, 29:20
**gets** [2] - 7:20, 19:12
**getting** [3] - 10:25, 23:16, 25:3
**give** [7] - 6:18, 9:6, 21:16, 22:13, 22:18,

24:16, 25:23
**given** [2] - 22:12, 26:24
**go** [11] - 4:4, 5:17, 7:20, 8:24, 11:13, 17:1, 17:15, 19:24, 20:12, 25:25, 28:15
**goes** [2] - 24:24, 25:6
**going** [33] - 3:24, 4:1, 4:3, 4:8, 4:17, 7:7, 7:10, 8:2, 8:9, 9:1, 9:16, 11:13, 17:15, 18:14, 18:17, 18:25, 20:1, 20:5, 21:4, 22:2, 22:4, 23:16, 24:14, 24:15, 24:16, 25:8, 25:14, 25:23, 27:7, 28:10, 28:11, 28:12, 29:13
**Gold** [1] - 30:9
**GOLD** [1] - 1:25
**gone** [1] - 22:13
**good** [8] - 3:9, 3:11, 3:12, 3:17, 3:20, 3:22, 18:17, 28:7
**Good** [1] - 3:15
**Government** [7] - 5:7, 21:13, 22:21, 24:8, 24:11, 26:22, 29:13
**Government's** [1] - 22:3
**grounds** [2] - 20:24, 22:22
**Guerrero** [4] - 5:24, 6:20, 6:22, 10:7
**Guerrero's** [1] - 17:12
**guess** [2] - 5:22, 7:19
**guys** [1] - 29:8

**H**

**habeas** [1] - 4:14
**had** [4] - 11:25, 14:11, 16:7, 28:22
**half** [1] - 17:9
**hammer** [1] - 29:8
**happen** [2] - 29:14
**happening** [1] - 8:24
**harm** [1] - 21:10
**has** [8] - 7:23, 15:15, 18:15, 25:18, 28:20, 29:4, 30:11
**hasn't** [1] - 11:1
**having** [3] - 10:8, 18:6, 24:5
**head** [1] - 22:14
**hear** [3] - 4:3, 7:7, 7:10
**heard** [1] - 14:13
**hearing** [6] - 4:2, 4:6, 4:13, 5:9, 12:15, 19:6
**held** [1] - 27:1
**help** [5] - 5:25, 7:13, 15:24, 16:16, 29:19
**helpful** [3] - 15:21, 23:17, 28:1
**helps** [2] - 8:6, 9:14
**here** [17] - 3:23, 4:11, 11:14, 12:1, 12:8, 15:9, 19:23, 20:10, 21:24, 22:3, 23:23, 24:1, 24:13, 24:24, 25:21, 26:23, 26:24
**hereby** [1] - 30:6
**highlighted** [1] - 11:3
**holding** [1] - 6:21
**Honor** [27] - 3:9, 3:20, 4:18, 4:23, 5:20, 6:2, 6:9, 7:12, 9:10, 9:20, 10:13, 10:20, 11:24, 12:23, 17:8, 18:19, 19:4, 21:2, 21:6, 22:1, 26:14, 26:15, 28:3, 28:19, 28:22, 29:2, 29:4
**Honor's** [1] - 6:1
**HONORABLE** [1] - 1:8
**hope** [1] - 11:10
**hospital** [3] - 6:25, 17:1, 17:16
**hum** [2] - 10:10, 16:9
**humanly** [1] - 27:12
**hustled** [1] - 27:4
**hygiene** [1] - 8:14

**I**

**I'd** [1] - 26:9
**I'll** [5] - 4:15, 6:18, 21:17, 23:15, 28:11
**I've** [3] - 22:13, 23:11, 26:2
**idea** [1] - 10:20
**identified** [2] - 10:8, 14:12
**identify** [3] - 13:8, 13:16, 14:6
**identifying** [1] - 16:1
**ignore** [1] - 7:9
**immediate** [2] - 10:25, 20:10
**IMMIGRANT** [1] - 1:14
**IMMIGRATION** [1] - 1:17
**implemented** [1] - 8:25
**impression** [1] - 22:18
**IN** [1] - 1:1
**inability** [2] - 17:10, 27:9
**inadequate** [2] - 18:10, 18:11
**include** [1] - 29:10
**included** [1] - 8:1
**indicate** [1] - 27:24
**individual** [2] - 4:14, 14:10
**individuals** [5] - 6:21, 6:23, 14:22, 15:2, 15:6
**inform** [2] - 9:18, 15:12
**information** [1] - 25:24
**initial** [3] - 11:23, 17:10, 29:3
**injunction** [5] - 4:21, 9:22, 12:15, 19:21, 24:3
**intended** [3] - 14:14, 16:11, 16:12
**intent** [1] - 9:20
**intention** [2] - 19:10, 19:24
**intentions** [1] - 4:1
**interest** [1] - 4:10
**interested** [1] - 25:22
**interrogatories** [4] - 6:14, 8:10, 9:4, 24:23
**interrogatory** [2] - 9:12, 10:8
**into** [4] - 12:5, 14:24, 16:19, 28:15
**introduce** [2] - 3:7, 3:19
**intuit** [1] - 26:1
**inure** [1] - 24:10
**involving** [1] - 11:8
**irreparable** [1] - 21:10
**issue** [12] - 4:1, 5:17, 7:1, 12:25, 13:6, 14:3, 15:11, 17:18, 17:19, 23:15, 27:3, 27:15
**issues** [15] - 8:18, 9:23, 13:22, 14:12, 14:18, 15:6, 15:13, 15:16, 20:14, 20:16, 22:24, 23:2, 23:8, 23:20, 24:2
**issuing** [1] - 18:14
**items** [1] - 5:25
**its** [5] - 14:15, 15:18, 27:17, 28:9, 29:13
**itself** [1] - 26:22

**J**

**JARED** [1] - 1:19
**Jared** [1] - 3:14
**jazz** [1] - 10:18
**JEREMY** [1] - 1:5
**JEROME** [1] - 1:22
**Jerome** [1] - 3:16
**job** [5] - 8:3, 8:4, 8:6, 8:7
**joint** [1] - 16:1
**JUDGE** [1] - 1:9
**judicial** [1] - 27:2
**JULIE** [1] - 1:8
**July** [1] - 20:3
**jurisdiction** [1] - 4:12
**jurisdictional** [1] - 21:2
**just** [31] - 4:5, 5:13, 6:3, 6:18, 7:8, 8:22, 9:10, 10:15, 10:23, 10:24, 12:6, 12:16, 13:25, 15:25, 16:17, 18:19, 19:16, 21:6, 21:15, 21:22, 21:23, 22:23, 26:24, 27:6, 27:10, 28:4, 28:15, 29:1, 29:17, 29:20
**Justice** [1] - 2:2

**K**

**keep** [1] - 4:10
**kind** [18] - 6:8, 12:7, 13:2, 13:13, 13:14, 13:16, 13:17, 13:20, 15:5, 15:19, 15:20, 16:25, 20:8, 20:9, 21:22, 22:17, 23:5, 28:13
**know** [43] - 4:6, 4:7, 6:2, 6:6, 6:7, 7:10, 8:2, 10:14, 11:14, 11:15, 11:18, 12:24, 13:25, 14:23, 15:5, 15:12, 15:20, 16:8, 16:24, 17:16, 18:13, 18:14, 19:6, 19:14, 19:16, 19:18, 21:23, 21:24, 22:19, 25:1, 25:15, 26:4, 26:5, 26:10, 26:18, 28:9, 28:10, 28:13, 29:12, 29:14, 29:19
**knowing** [1] - 12:13
**knowledge** [1] - 10:8
**known** [1] - 19:18

**L**

**land** [1] - 4:17
**LANDAN** [2] - 1:16, 3:12
**Landan** [1] - 3:12
**large** [2] - 5:23, 15:17
**last** [1] - 19:5
**lawsuit** [2] - 13:12, 16:7
**lawyers** [2] - 11:8, 25:1
**lay** [1] - 4:17
**lead** [1] - 23:16
**least** [2] - 19:25, 20:17
**leaving** [2] - 5:11, 18:6
**left** [2] - 17:2, 18:5
**legitimately** [1] - 15:11
**length** [1] - 6:21
**less** [2] - 10:1, 13:4
**let** [2] - 11:18, 28:15
**Levine** [10] - 3:14, 5:4, 15:24, 21:5, 24:14, 25:20, 27:15, 27:17, 27:23, 29:7
**LEVINE** [33] - 1:19, 3:14, 5:20, 6:5, 6:9, 6:13, 6:17, 7:19, 7:24, 8:5, 8:13, 8:17, 8:21, 9:8, 9:20, 10:4, 10:13, 10:20, 10:24, 15:25, 16:10, 17:8, 17:19, 18:1, 18:19, 18:23, 20:6, 20:15, 21:1, 21:6, 26:14, 28:3, 29:2
**like** [15] - 4:23, 5:3, 5:13, 6:2, 8:23, 8:24, 16:3, 17:23, 18:8, 25:14, 26:3, 26:16, 27:10, 27:21, 29:13
**likely** [2] - 19:10, 20:10
**likewise** [1] - 24:9
**limited** [3] - 7:17, 21:12, 21:13
**linear** [1] - 28:13
**litigate** [1] - 13:14
**litigated** [1] - 15:15
**litigation** [3] - 12:17, 15:21, 20:16
**little** [4] - 5:5, 13:13, 13:23, 20:7
**LLP** [2] - 1:20, 1:23
**logs** [2] - 6:20, 6:22
**long** [1] - 21:11
**look** [2] - 8:21, 11:6
**lookback** [1] - 8:20
**looked** [1] - 16:5

**looking** [6] - 5:19, 6:8, 6:15, 7:9, 7:15, 20:6
**lost** [2] - 13:23, 14:16
**lot** [4] - 9:16, 15:4, 23:18, 29:17
**lots** [1] - 14:2

## M

**M** [2] - 30:5, 30:16
**made** [2] - 5:13, 19:18
**make** [7] - 11:9, 12:6, 21:21, 22:16, 23:17, 26:11, 27:4
**making** [2] - 23:14, 24:6
**manage** [1] - 22:11
**Manhattan** [1] - 1:20
**many** [4] - 6:10, 6:11, 6:24, 25:23
**map** [1] - 29:1
**married** [1] - 9:4
**MARYLAND** [1] - 1:1
**Maryland** [1] - 1:10
**master** [2] - 13:9, 13:12
**materials** [1] - 18:7
**matter** [11] - 3:3, 3:5, 4:12, 6:6, 12:3, 12:4, 13:20, 14:2, 25:21, 27:1, 30:8
**may** [8] - 4:10, 10:14, 21:23, 22:22, 24:5, 26:10, 27:9, 29:14
**maybe** [5] - 6:13, 6:14, 14:16, 20:22, 29:7
**me** [21] - 4:16, 7:13, 7:16, 8:6, 9:7, 9:14, 11:17, 11:18, 11:24, 13:23, 14:16, 15:24, 20:25, 21:16, 23:22, 23:24, 25:20, 27:16, 28:2, 28:5, 28:15
**meals** [1] - 7:3
**mean** [20] - 4:3, 6:4, 7:9, 8:19, 8:20, 9:5, 12:12, 13:23, 13:25, 14:19, 15:9, 15:11, 20:2, 20:7, 20:15, 23:25, 25:12, 26:21, 29:5
**medical** [14] - 8:13, 15:1, 15:3, 15:6, 15:7, 15:13, 15:14, 15:16, 16:17, 16:18, 16:20, 16:21, 16:22
**medication** [5] - 6:23, 7:1, 16:23, 17:11, 17:14
**meds** [1] - 17:1
**meeting** [1] - 16:1
**members** [1] - 17:14
**memo** [1] - 14:15
**memorandum** [2] - 23:12, 26:7
**mentioned** [1] - 19:5
**merit** [1] - 12:8
**Merit** [1] - 30:5
**might** [5] - 8:23, 14:3, 25:25, 27:10, 28:14
**mind** [1] - 27:11
**minutes** [2] - 21:16, 21:17
**misimpression** [1] - 22:13
**missed** [1] - 25:5
**misunderstanding** [1] - 23:19
**misunderstood** [1] - 14:17
**moment** [3] - 18:25, 22:1, 23:15
**Monday** [2] - 25:1, 25:7
**Monroe** [1] - 16:5
**MOORE** [13] - 2:2, 3:20, 7:12, 11:19, 12:16, 12:21, 12:23, 13:11, 14:18, 19:4, 26:15, 28:7, 29:11
**Moore** [12] - 3:20, 4:16, 7:6, 9:15, 11:17, 18:15, 19:3, 22:23, 27:17, 28:6, 29:7
**Moore's** [1] - 10:23
**mootness** [1] - 22:24
**more** [10] - 5:5, 8:17, 10:1, 12:16, 17:9, 20:17, 20:18, 23:10, 24:7, 25:15
**MORING** [2] - 1:20, 1:23
**morning** [8] - 3:9, 3:11, 3:12, 3:15, 3:17, 3:20, 3:22, 4:19
**most** [1] - 8:21
**motion** [16] - 4:2, 4:3, 4:22, 5:6, 5:8, 6:3, 9:21, 17:10, 19:11, 19:25, 21:7, 21:14, 22:4, 22:21, 24:3, 29:13
**motions** [6] - 9:19, 10:17, 19:21, 19:22, 28:24, 29:9
**move** [1] - 17:25
**moved** [1] - 10:24
**moving** [1] - 29:17
**Mr** [21] - 4:16, 5:4, 7:6, 9:15, 10:23, 11:17, 15:24, 18:15, 19:3, 21:4, 22:23, 24:14, 25:20, 27:15, 27:16, 27:17, 27:23, 28:6, 29:7
**MR** [45] - 3:14, 3:16, 3:20, 5:20, 6:5, 6:9, 6:13, 6:17, 7:12, 7:19, 7:24, 8:5, 8:13, 8:17, 8:21, 9:8, 9:20, 10:4, 10:13, 10:20, 10:24, 11:19, 12:16, 12:21, 12:23, 13:11, 14:18, 15:25, 16:10, 17:8, 17:19, 18:1, 18:19, 18:23, 19:4, 20:6, 20:15, 21:1, 21:6, 26:14, 26:15, 28:3, 28:7, 29:2, 29:11
**Ms** [1] - 4:15
**MS** [6] - 3:9, 3:12, 4:18, 5:2, 22:1, 28:22
**much** [4] - 13:4, 20:23, 27:14, 29:22
**MURPHY** [2] - 1:22, 3:16
**Murphy** [1] - 3:16
**must** [3] - 23:10, 25:9, 25:16
**my** [14] - 7:21, 8:4, 8:6, 11:12, 13:24, 18:13, 22:14, 22:18, 24:5, 26:18, 27:9, 29:3, 30:10
**myself** [1] - 26:11

## N

**N** [2] - 1:11, 3:1
**Nadine** [1] - 30:5
**NADINE** [1] - 30:16
**name** [1] - 16:7
**named** [4] - 4:11, 14:10, 16:6, 17:5
**narrow** [7] - 5:21, 6:13, 13:7, 13:10, 13:11, 15:5, 21:13
**narrowed** [1] - 20:17
**narrowly** [2] - 6:7, 24:20
**NATIONAL** [1] - 1:17
**nature** [3] - 26:19, 26:21, 26:24
**near** [1] - 29:14
**necessarily** [1] - 16:3
**necessitate** [1] - 14:6
**need** [10] - 13:7, 16:3, 16:24, 17:15, 20:7, 21:16, 23:22, 25:1, 28:24, 29:19
**needed** [1] - 13:17
**needing** [1] - 11:11
**needless** [1] - 27:5
**needs** [2] - 16:18, 17:1
**new** [8] - 7:21, 13:8, 13:16, 14:6, 14:15, 16:3, 16:11, 19:24
**New** [1] - 1:21
**next** [1] - 20:7
**Ninth** [1] - 1:21
**no** [3] - 6:6, 15:14, 26:22
**noon** [1] - 28:2
**norm** [2] - 12:7, 12:8
**NORTHERN** [1] - 1:2
**Northwest** [3] - 1:14, 1:17, 1:23
**not** [50] - 4:6, 5:12, 5:22, 7:12, 7:21, 8:3, 9:1, 10:11, 10:14, 11:11, 11:13, 11:22, 12:7, 13:3, 13:15, 13:21, 13:24, 14:22, 15:3, 15:7, 15:9, 15:22, 16:6, 16:21, 17:4, 17:16, 17:17, 18:14, 18:23, 19:6, 19:7, 19:20, 20:3, 20:17, 20:23, 21:23, 22:1, 22:12, 23:16, 23:21, 23:24, 24:4, 25:11, 26:9, 27:8, 27:19, 27:20, 28:4
**note** [2] - 21:23, 24:4
**noted** [3] - 5:2, 13:1, 26:6
**notice** [1] - 27:2
**now** [14] - 3:3, 3:5, 12:24, 12:25, 13:17, 18:16, 19:1, 19:8, 19:23, 19:24, 20:20, 25:24, 26:25
**number** [4] - 7:2, 13:2, 16:15, 26:25
**NUMBER** [1] - 1:4
**Number** [1] - 3:4
**numbers** [2] - 6:8, 6:9
**numerous** [1] - 18:20
**nurse** [1] - 17:17
**nutritionally** [1] - 18:10
**NY** [1] - 1:21

## O

**O** [1] - 3:1
**object** [2] - 7:10, 27:24
**objection** [2] - 7:14, 27:21
**objects** [1] - 27:24
**observed** [1] - 14:15
**obtain** [1] - 7:1
**obviously** [6] - 9:16, 13:9, 15:3, 26:4, 26:18, 27:8
**occur** [2] - 14:21, 19:17
**October** [2] - 8:24, 24:19
**odds** [1] - 24:12
**OF** [3] - 1:1, 1:8, 30:1
**off** [1] - 15:25
**Officer** [3] - 6:20, 10:7, 17:12
**offices** [1] - 25:25
**OFFICIAL** [2] - 30:1, 30:16
**offline** [2] - 29:1, 29:2
**okay** [29] - 4:25, 5:11, 6:16, 9:3, 9:14, 9:25, 10:10, 10:11, 10:16, 10:22, 12:20, 12:22, 15:23, 17:18, 19:2, 21:3, 21:15, 21:17, 22:2, 27:14, 28:4, 28:6, 29:7, 29:11, 29:15, 29:22
**old** [1] - 25:10
**on** [38] - 3:21, 4:8, 5:8, 5:9, 5:13, 7:14, 11:12, 11:17, 12:24, 13:18, 14:8, 15:2, 15:14, 15:17, 15:22, 18:24, 19:23, 20:12, 21:25, 22:19, 22:22, 23:7, 23:18, 23:22, 26:1, 26:18, 27:9, 27:18, 27:22, 28:8, 28:9, 28:25, 29:19, 29:20, 30:9
**one** [11] - 8:23, 10:6, 10:9, 15:12, 17:18, 17:19, 17:25, 19:4, 22:19, 24:17, 24:23
**only** [3] - 11:14, 23:1, 24:4
**open** [2] - 22:20, 23:6
**opinion** [5] - 6:1, 11:12, 23:12, 24:5, 26:7
**oppose** [1] - 5:4
**opposed** [1] - 4:14
**opposing** [1] - 24:9
**order** [16] - 7:17, 8:1, 12:25, 13:1, 13:19,

14:19, 16:23, 18:15, 19:23, 24:15, 27:16, 27:20, 27:23, 28:12, 29:15, 29:19
**original** [1] - 20:4
**other** [7] - 8:9, 9:4, 10:9, 17:9, 19:23, 20:19, 22:19
**others** [1] - 10:14
**otherwise** [2] - 9:1, 17:15
**our** [19] - 4:19, 5:2, 5:8, 8:18, 9:20, 9:21, 11:3, 14:25, 15:11, 16:10, 16:18, 17:10, 17:13, 17:17, 19:1, 19:5, 19:24, 20:9, 26:25
**out** [14] - 7:8, 7:13, 10:1, 15:3, 16:12, 20:19, 22:2, 24:24, 25:6, 27:7, 28:11, 29:7, 29:8, 29:21
**outdoors** [1] - 18:7
**outlook** [1] - 12:24
**outright** [1] - 18:2
**over** [1] - 4:12
**overcome** [1] - 23:11

**P**

**P** [4] - 1:11, 3:1, 23:9
**p.m** [1] - 29:24
**page** [2] - 23:7
**palms** [1] - 22:20
**paper** [1] - 28:17
**papers** [2] - 26:18, 28:16
**part** [3] - 14:3, 19:11, 27:9
**partial** [1] - 19:25
**particular** [5] - 15:2, 16:18, 19:13, 29:4
**particularly** [2] - 11:4, 21:9
**particulars** [1] - 5:4
**parties** [3] - 11:23, 22:10, 27:6
**parts** [1] - 29:17
**past** [1] - 17:25
**pasting** [1] - 8:15
**path** [2] - 11:14, 20:10
**patience** [2] - 21:20, 29:16
**pause** [1] - 20:13
**pedal** [1] - 22:19
**pending** [2] - 3:3, 21:8
**Pennsylvania** [1] - 1:23
**people** [10] - 7:5, 11:2, 16:18, 16:24, 17:10, 17:22, 18:4, 18:20, 21:10, 27:1
**people's** [1] - 17:13
**perhaps** [3] - 4:13, 10:9, 12:12
**period** [2] - 27:8, 27:10
**permitting** [1] - 18:15
**persons** [1] - 6:25
**persuaded** [1] - 23:21
**pertain** [2] - 13:3, 15:1
**pertaining** [2] - 8:11, 8:13
**petition** [1] - 4:8
**phone** [1] - 29:20
**photos** [1] - 7:3
**PI** [5] - 4:2, 10:25, 20:14, 28:16, 29:9
**picking** [1] - 22:22
**place** [2] - 17:21, 26:20
**plaintiff** [2] - 3:7, 16:6
**Plaintiffs** [1] - 1:3
**plaintiffs** [28] - 3:10, 3:13, 3:14, 3:16, 4:11, 5:7, 7:9, 7:15, 7:17, 11:19, 12:18, 13:5, 13:7, 13:9, 13:12, 13:17, 14:6, 14:10, 14:16, 14:23, 16:2, 16:3, 16:11, 17:5, 21:24, 22:7, 23:4, 27:14
**PLAINTIFFS** [1] - 1:12
**plaintiffs'** [3] - 3:24, 4:10, 14:1
**plan** [1] - 20:8
**planned** [1] - 22:4
**planning** [1] - 21:25
**pleading** [5] - 19:8, 19:22, 20:2, 21:2, 21:25
**pleadings** [1] - 19:16
**please** [4] - 3:7, 3:19, 21:19, 27:5
**plentiful** [1] - 23:23
**plus** [1] - 10:16
**PO** [1] - 2:3
**poetic** [1] - 23:23
**point** [2] - 19:4, 29:12
**policies** [8] - 6:19, 8:11, 9:6, 9:9, 16:12, 16:15, 23:9, 26:3
**policy** [3] - 17:21, 17:22, 18:11
**population** [2] - 15:4, 15:17
**portion** [1] - 25:8
**position** [4] - 11:17, 15:11, 16:19, 22:17
**positions** [1] - 24:8
**possible** [4] - 26:6, 26:11, 27:13, 28:4
**potential** [2] - 10:6, 22:22
**potentially** [1] - 26:23
**practice** [4] - 7:21, 8:11, 12:14, 16:17
**practices** [7] - 6:19, 11:2, 16:13, 16:15, 23:9, 26:3, 26:20
**pray** [1] - 11:11
**pre** [2] - 12:14, 12:15
**pre-certification** [1] - 12:14
**pre-preliminary** [1] - 12:15
**prejudice** [1] - 21:12
**preliminary** [10] - 4:20, 9:22, 10:2, 11:10, 12:15, 18:15, 19:21, 20:13, 23:25, 24:2
**prepare** [1] - 25:18
**prepared** [1] - 4:18
**prescribed** [1] - 6:23
**present** [1] - 8:23
**presently** [1] - 14:20
**preservation** [1] - 4:11
**press** [1] - 8:2
**primarily** [2] - 12:25, 15:2
**principle** [2] - 11:22, 19:12
**prior** [2] - 8:25, 9:2
**probably** [4] - 10:7, 13:7, 13:24, 21:1
**probed** [1] - 20:18
**problem** [2] - 7:12, 29:6
**problems** [1] - 14:5
**procedures** [1] - 6:19
**proceed** [5] - 4:23, 6:2, 9:21, 19:22, 21:7
**proceeding** [3] - 4:8, 4:14, 29:23
**PROCEEDINGS** [1] - 1:8
**proceedings** [1] - 30:8
**Proceedings** [1] - 1:25
**Produced** [1] - 1:25
**production** [1] - 25:14
**profile** [1] - 15:7
**project** [2] - 13:4, 15:3
**PROJECT** [1] - 1:17
**promptly** [2] - 5:9, 26:11
**propose** [2] - 24:14, 25:20
**proposed** [6] - 14:13, 24:15, 24:18, 27:16, 27:23, 29:8
**proposing** [1] - 20:11
**protocols** [4] - 8:11, 15:18, 23:9, 26:3
**provides** [1] - 18:17
**providing** [2] - 14:22, 18:11
**provision** [1] - 18:10
**public** [3] - 24:21, 26:18, 26:20
**publications** [1] - 26:21
**purchased** [1] - 7:3
**purported** [2] - 15:1, 15:13
**purpose** [1] - 3:6
**purposes** [1] - 4:11
**pursue** [1] - 11:10
**put** [1] - 23:2
**putative** [3] - 13:5, 13:7, 14:24
**putting** [1] - 22:18

**Q**

**quantities** [2] - 5:23, 18:12
**question** [4] - 14:8, 16:1, 18:13, 26:22
**questions** [1] - 26:13
**quickly** [2] - 5:13, 27:10

**R**

**R** [3] - 1:8, 1:11, 3:1
**raise** [1] - 23:3
**raised** [3] - 6:1, 8:18, 9:23
**rather** [1] - 26:9
**reaches** [1] - 29:7
**reading** [1] - 18:7
**reality** [2] - 7:4, 25:13
**realize** [3] - 20:2, 21:23, 26:16
**really** [8] - 5:18, 13:17, 14:5, 14:11, 18:23, 22:15, 23:5, 29:1
**Realtime** [1] - 30:6
**reapproach** [1] - 14:3
**reason** [2] - 4:13, 15:14
**reasonable** [1] - 24:20
**reasonably** [1] - 26:5
**reasons** [1] - 21:9
**receive** [1] - 6:23
**recess** [3] - 21:4, 21:18, 29:17
**record** [4] - 3:8, 3:19, 23:22, 23:23
**recorded** [2] - 30:7, 30:8
**Recorded** [1] - 1:25
**recording** [2] - 30:10, 30:11
**recover** [1] - 14:23
**recreational** [1] - 18:2
**refer** [1] - 7:20
**referenced** [3] - 6:22, 6:23, 9:12
**refiling** [1] - 9:21
**refined** [1] - 24:7
**reflecting** [1] - 6:19
**regards** [1] - 4:20
**Registered** [1] - 30:5
**reiterate** [1] - 10:24
**relate** [2] - 9:5, 9:7
**related** [1] - 8:10
**relevant** [4] - 10:8, 17:6, 23:10, 26:4
**relitigating** [1] - 23:2
**remedy** [2] - 13:20, 14:22
**render** [1] - 16:25
**rendered** [1] - 16:22
**reply** [3] - 5:9, 5:15, 29:10
**report** [1] - 5:2
**REPORTER** [2] - 30:1, 30:16
**Reporter** [2] - 30:5, 30:6
**representation** [1] - 14:12
**representatives** [1] - 13:8
**represented** [1] - 12:18
**request** [9] - 4:19, 4:21, 5:4, 9:9, 9:11, 11:8, 18:24, 23:25, 25:6
**requests** [9] - 5:21, 6:11, 6:14, 7:20, 8:10, 8:23, 9:3, 24:22, 27:15
**require** [1] - 7:21
**required** [1] - 21:13
**reread** [1] - 22:23
**respect** [10] - 4:1, 11:6, 12:11, 12:13, 14:5, 14:11, 19:19, 22:21, 23:4, 24:2
**respectively** [1] - 5:16
**respond** [1] - 22:8
**respondents** [3] -

27:19, 27:24, 27:25
**respondents'** [1] - 29:10
**response** [5] - 5:8, 5:15, 9:17, 22:6, 29:10
**responses** [6] - 9:5, 9:13, 10:9, 24:6, 24:25, 25:7
**responsive** [2] - 19:7, 19:22
**rest** [1] - 23:2
**restroom** [1] - 21:16
**review** [2] - 23:6, 25:2
**right** [22] - 3:23, 5:17, 10:19, 11:14, 11:20, 12:24, 12:25, 13:17, 14:19, 14:22, 19:1, 20:6, 20:15, 20:20, 21:3, 21:15, 21:21, 21:23, 26:25, 28:21, 29:16, 29:22
**RIGHTS** [1] - 1:14
**risk** [2] - 14:21, 15:7
**RMR** [1] - 30:16
**Road** [1] - 1:17
**rolling** [1] - 25:13
**RUBIN** [1] - 1:8
**rule** [2] - 11:22, 20:12
**rules** [3] - 11:20, 12:17, 22:7
**ruling** [3] - 7:14, 23:7, 23:19
**rulings** [1] - 14:4

## S

**S** [3] - 1:11, 3:1, 30:15
**said** [8] - 13:25, 19:19, 26:2, 26:3, 26:16, 27:12, 28:18, 30:10
**same** [2] - 11:3, 17:20
**sampling** [1] - 7:3
**sarcastic** [2] - 8:3, 25:12
**satisfied** [1] - 24:1
**satisfy** [1] - 23:24
**say** [14] - 8:2, 8:9, 9:16, 10:22, 14:13, 22:10, 22:19, 23:5, 23:13, 23:25, 26:20, 26:24, 28:10, 28:17
**saying** [2] - 10:10, 10:11
**says** [2] - 17:13, 17:21
**schedule** [6] - 5:6, 5:14, 10:4, 10:18, 24:12, 24:24
**scheduled** [1] - 5:9
**scheduling** [1] - 11:23
**scope** [15] - 5:21, 6:7, 6:17, 7:17, 8:8, 9:15, 20:16, 24:18, 25:21, 26:9, 27:18, 27:22, 27:25, 29:8, 29:19
**search** [2] - 5:23, 7:22
**searches** [1] - 5:22
**seated** [1] - 21:19
**second** [4] - 12:10, 19:8, 19:11, 21:24
**see** [4] - 12:24, 16:10, 22:6, 27:18
**seek** [3] - 5:3, 7:18, 26:6
**seeking** [10] - 5:22, 6:18, 11:19, 12:1, 12:18, 13:15, 13:20, 15:9, 15:12, 15:20
**self** [2] - 25:22, 29:15
**self-evident** [1] - 29:15
**self-interested** [1] - 25:22
**sense** [1] - 17:17
**September** [10] - 24:25, 25:4, 25:5, 25:7, 25:8, 25:9, 25:15, 25:16, 28:18, 30:13
**set** [2] - 4:5, 22:2
**seven** [2] - 17:2, 18:6
**ship** [2] - 14:1, 22:25
**shore** [1] - 15:24
**shortly** [1] - 5:12
**should** [5] - 19:17, 20:16, 20:23, 26:5, 29:15
**show** [2] - 6:24, 7:2
**showing** [1] - 7:4
**side** [2] - 19:23, 20:19
**sides** [1] - 22:20
**since** [1] - 28:10
**sit** [2] - 21:24, 25:2
**six** [1] - 12:4
**so-to-speak** [1] - 13:21
**some** [15] - 6:18, 9:22, 10:16, 13:3, 13:8, 15:10, 16:13, 17:5, 19:14, 21:13, 22:11, 23:20, 25:22, 28:13, 29:12
**somebody** [3] - 7:22, 7:23, 17:15
**something** [4] - 15:20, 19:5, 20:25, 29:3
**somewhere** [1] - 22:14
**soon** [1] - 9:22
**sorry** [2] - 8:18, 25:5
**sort** [10] - 4:5, 4:15, 5:22, 9:4, 11:8, 11:10, 24:17, 26:1, 27:7, 28:12
**sought** [2] - 4:13, 11:22
**sounds** [2] - 28:7, 29:13
**speak** [1] - 13:21
**speaking** [6] - 3:25, 4:15, 12:11, 12:12, 12:13, 12:16
**specifically** [3] - 6:8, 8:17, 17:24
**specifics** [2] - 6:3, 16:21
**spoken** [1] - 4:21
**staff** [1] - 16:22
**standing** [1] - 22:23
**standpoint** [2] - 19:15, 19:17
**start** [1] - 16:17
**STATES** [2] - 1:1, 1:9
**Station** [1] - 2:3
**status** [4] - 3:6, 3:23, 5:2, 19:6
**STATUS** [1] - 1:8
**still** [1] - 4:4
**street** [1] - 21:10
**stuff** [4] - 15:19, 16:8, 24:19, 26:4
**subject** [3] - 12:3, 12:4, 25:21
**subjects** [1] - 9:10
**submit** [2] - 7:25, 24:15
**submitted** [2] - 18:20, 20:2
**substantial** [1] - 14:21
**sufficient** [2] - 6:24, 7:2
**Suite** [2] - 1:15, 1:18
**supplement** [1] - 25:14
**supplemental** [2] - 10:17, 25:3
**support** [1] - 17:10
**supposed** [1] - 13:16
**sure** [14] - 5:20, 11:19, 12:6, 15:21, 15:25, 18:1, 21:22, 22:16, 23:14, 23:17, 25:11, 26:24, 27:4, 29:18
**Sure** [1] - 8:5
**surely** [1] - 9:17
**surgical** [2] - 11:15, 22:17
**surgically** [1] - 15:5
**sweeping** [1] - 13:2

## T

**table** [1] - 4:5
**tactical** [1] - 11:9
**tailored** [2] - 6:7, 24:20
**take** [6] - 21:4, 21:17, 24:8, 25:2, 25:10, 27:2
**taken** [3] - 21:18, 25:9, 25:17
**talk** [2] - 4:2, 4:3
**talking** [3] - 9:1, 17:7, 20:24
**target** [1] - 15:6
**tell** [3] - 5:11, 11:17, 28:5
**term** [1] - 29:14
**terms** [9] - 5:6, 5:23, 6:2, 6:17, 7:22, 12:18, 17:20, 24:18, 26:19
**tested** [2] - 19:7, 20:23
**testimony** [1] - 13:4
**than** [2] - 22:8, 23:10
**thank** [6] - 21:15, 21:17, 21:19, 26:15, 29:22
**themselves** [2] - 9:5, 19:7
**thereof** [1] - 13:9
**they've** [1] - 15:7
**thing** [1] - 24:17
**things** [10] - 7:21, 7:22, 8:22, 15:12, 21:21, 22:3, 22:9, 22:11, 28:13
**think** [36] - 5:25, 6:13, 8:22, 9:8, 11:4, 12:2, 12:6, 12:8, 12:10, 12:25, 13:6, 13:13, 14:12, 14:16, 14:19, 15:14, 15:23, 16:13, 16:14, 17:9, 17:12, 17:22, 18:4, 18:8, 18:24, 18:25, 19:5, 21:8, 23:3, 23:22, 24:9, 24:11, 24:20, 25:1, 26:14, 27:3
**thinking** [3] - 10:4, 10:11, 25:24
**third** [1] - 13:10
**thought** [1] - 29:3
**thoughts** [1] - 10:23
**through** [1] - 23:7
**tied** [1] - 24:21
**time** [17] - 6:21, 8:19, 9:1, 9:16, 10:3, 10:17, 13:15, 16:3, 19:20, 22:5, 25:1, 25:10, 25:17, 25:18, 26:17, 29:4
**today** [1] - 21:25
**together** [1] - 28:25
**told** [1] - 5:3
**tomorrow** [1] - 28:2
**tools** [2] - 24:5, 25:23
**total** [1] - 10:5
**totally** [4] - 16:4, 19:19, 20:17, 24:20
**tracking** [1] - 6:20
**transcribed** [1] - 30:9
**Transcript** [1] - 1:25
**transcript** [2] - 30:7, 30:10
**TRANSCRIPT** [1] - 1:8
**Transcription** [1] - 1:25
**transferred** [1] - 6:25
**treatment** [1] - 8:16
**TRO/PI** [1] - 11:8
**true** [1] - 17:8
**try** [8] - 7:6, 25:23, 27:21, 28:2, 28:13, 28:25, 29:19, 29:20
**trying** [3] - 11:15, 22:15, 27:11
**turn** [1] - 3:24
**turnaround** [1] - 10:2
**Two** [1] - 1:20
**two** [5] - 8:23, 10:6, 15:2, 17:5, 22:11
**type** [1] - 15:10
**types** [2] - 9:10, 12:4

## U

**Um** [1] - 10:10
**um** [1] - 16:9
**Um-hum** [1] - 10:10
**um-hum** [1] - 16:9
**uncommonality** [1] - 14:9
**unconstitutional** [2] - 17:23, 18:9
**under** [4] - 11:20, 12:17, 12:19, 21:8
**understand** [5] - 15:23, 16:2, 16:4, 18:3, 27:18
**understanding** [2] - 7:14, 9:15
**undisputed** [1] - 18:3
**UNITED** [2] - 1:1, 1:9
**until** [1] - 27:14
**upon** [2] - 10:18, 20:4
**urgency** [4] - 11:1, 26:23, 27:3
**urgent** [1] - 21:9

**use** [4] - 5:24, 21:16, 23:14, 23:17
**used** [2] - 6:20, 6:22

## V

**v** [2] - 1:4, 3:5
**vendors** [1] - 7:3
**very** [6] - 5:12, 5:21, 11:9, 11:12, 15:2, 21:12
**via** [1] - 30:8
**viability** [2] - 19:14, 20:22
**viable** [2] - 13:18, 20:19
**videos** [1] - 7:4
**view** [2] - 23:11, 23:20

## W

**wait** [1] - 20:11
**waiver** [1] - 8:25
**waiving** [1] - 27:20
**walks** [2] - 14:24, 16:19
**wanted** [2] - 21:5, 25:17
**warranted** [2] - 11:5, 15:22
**Washington** [4] - 1:15, 1:18, 1:24, 2:3
**water** [1] - 8:14
**wax** [1] - 23:22
**way** [6] - 4:4, 13:14, 20:21, 22:19, 23:17, 25:12
**ways** [3] - 4:7, 14:3, 15:4
**we'd** [3] - 6:18, 8:23, 17:23
**we'll** [2] - 4:2, 4:3
**we're** [9] - 4:3, 5:22, 6:15, 9:1, 15:22, 18:24, 20:6, 22:16, 25:14
**Wednesday** [1] - 1:9
**week** [1] - 20:7
**well** [8] - 4:3, 7:2, 7:19, 11:19, 14:18, 19:4, 24:21, 28:1
**West** [1] - 1:20
**what's** [3] - 4:16, 8:11, 10:2
**whatever** [4] - 11:18, 22:6, 22:25, 24:9
**where** [7] - 4:17, 8:23, 13:6, 14:16, 15:22, 16:6, 17:10
**Whereupon** [2] - 21:18, 29:23
**while** [2] - 21:7, 21:14
**who** [11] - 14:10, 14:22, 14:24, 15:2, 15:6, 16:19, 16:23, 16:25, 17:1, 17:16
**whole** [2] - 4:12, 19:11
**whose** [1] - 13:3
**why** [1] - 11:4
**wide** [1] - 23:6
**wider** [1] - 19:12
**wind** [1] - 23:18
**within** [1] - 25:10
**without** [5] - 10:25, 12:13, 17:2, 18:6
**won't** [1] - 25:3
**words** [3] - 8:9, 9:4, 23:9
**work** [2] - 28:25, 29:21
**working** [1] - 5:20
**write** [1] - 7:16
**written** [6] - 6:18, 9:9, 24:24, 25:7, 25:19, 28:23
**wrong** [1] - 11:24
**wrongly** [1] - 14:13

## Y

**yeah** [6] - 8:21, 12:21, 16:8, 16:9, 18:25, 28:8
**years** [1] - 9:2
**yes** [12] - 4:18, 6:5, 7:24, 8:17, 10:13, 10:21, 16:18, 18:19, 20:15, 25:5, 28:19, 28:22
**yet** [2] - 11:25, 14:25
**York** [1] - 1:21
**you'll** [2] - 23:3, 28:6
**yours** [1] - 13:24
**yourself** [1] - 3:19
**yourselves** [1] - 3:7
**YULIE** [1] - 1:16
**Yulie** [1] - 3:12
**yup** [1] - 6:12