## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| D.N.N. and V.R.G., *on behalf themselves and all others similarly situated*, | |
| *Petitioners-Plaintiffs*, | **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| v. | |
| JEREMY BACON, *et al.*, | Civil Action No.: 1:25-cv-01613 |
| *Respondents-Defendants*. | |

### INTRODUCTION

1. Paragraph 1 Consists of Plaintiffs characterization of this action, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies it except to admit that the holding cells are intended for temporary custody while in transit to a facility with capacity for long term detention, or while being processed for release.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies it

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 3 and therefore denies it

4.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 and therefore denies it.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5 and therefore denies it

6.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 6 and therefore denies it.

7.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 and therefore denies it

8.  Deny the allegations in the first sentence of paragraph 8 except admit that ICE temporarily detains individuals overnight and even multiple nights. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of in paragraph 8 and therefore denies it.  Deny the allegations in the third sentence of paragraph 8, except Defendants that ICE leave holding cell lights on at all hours.

9.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 and therefore denies it

10. Deny the allegations in the first sentence of paragraph 10. Admit that there is a single toilet in each cell and deny the rest of the allegations in the rest of the second sentence of paragraph 10. Admit that there are no showers or laundry and deny the rest of the allegations in the third sentence of paragraph 10.

11. Deny.

12. Deny.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extend a response is deemed required, deny.

## JURISDICTION AND VENUE

14.  Paragraph 14 of the complaint contains legal conclusions as to jurisdiction, to which no response is required.

15. Paragraph 15 of the complaint contains legal conclusions as to jurisdiction, to which no response is required.

16. Paragraph 16 of the complaint contains legal conclusions as to jurisdiction, to which no response is required.

17. Paragraph 14 of the complaint contains legal conclusions as to venue, to which no response is required.

## PARTIES

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 and therefore denies it.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 19 and therefore denies it.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20 and therefore denies it.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 21 and therefore denies it.

22. Admit that the Field Office Director of Enforcement and Removal Operations has jurisdiction over the Baltimore Hold Rooms.[1] Deny the allegations in the second sentence of paragraph 22.  Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 22 and therefore denies it. Deny the allegations in the fourth sentence of the allegation. Admit the allegation in the fifth sentence that the Plaintiffs' complaint purports to sue Defendant in her official capacity..

23. Admit.

24. Deny the allegations in the first sentence of Paragraph 24. Admit the allegations in the second sentence of paragraph 24.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

29. Paragraph 29 refers to a Fox News article. The Court respectfully is referred to the article for a complete and accurate statement of its contents.

30. Paragraph 30 refers to a DHS Press release. The Court respectfully is referred to the article for a complete and accurate statement of its contents.

31. –Admit that on June 24, 2025, ICE issued a memorandum and respectfully refer the Court to that memorandum for a complete and accurate statement of its contents.

---

[1] Ms. Baker is no longer the Field Office Director for the Baltimore Field Office. The position is currently held by Jeremy Bacon.

32. Defendants deny the allegations and respectfully refer to the Court of the articles for a complete and accurate statement of its contents.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit that the quoted text attributed to the cited provision of Directive 11087.2 in Paragraph 38 accurately states what the Directive says, but deny the remainder of the allegation because Keneth Genelo is no longer Executive associate Director for ERO.

39. Admit that the quoted text attributed to the cited provision of Directive 11087.2 in Paragraph 38 accurately states what the Directive provides, and admit that Defendant Burki is an Assistant Field Office Director, but deny the remainder of the allegation because Defendant Baker is not the Deputy Field Office Director for ERO.

40. Admit.

41. Paragraph 41 refers to an ICE policy. The Court respectfully is referred to the article for a complete and accurate statement of its contents.

42. Paragraph 42 refers to an ICE policy. The Court respectfully is referred to the article for a complete and accurate statement of its contents.

43. Deny, except admit that ICE-ERO current regularly detains noncitizens in the Baltimore Hold Rooms.

44. Paragraph 44 refers to a NBC Washington article and respectfully refer the Court to the article for a complete and accurate statement of its contents.

45. Paragraph 45 refers to a article by the Baltimore Banner and respectfully refer the Court to the article for a complete and accurate statement of its contents.

46. Paragraph 46 refers to a declaration of Acting Field Office Director William P. Joyce and respectfully refer the Court to the declaration for a complete and accurate statement of its contents.

47. Deny.

48. Admit the allegations contained in Paragraph 48, except deny that the clause of the paragraph relating that a waiver was sought for suspension of the 12-hour limit on detention in the Baltimore Hold Rooms "so that Defendants could detain individuals for multiple days at a time" fully and accurately characterizes the purpose for which the waiver was sought

49. Admit.

50.  The allegations in paragraph 50 constitute a conclusion of law to which no response is required.

51. The allegations in paragraph 51 constitute a conclusion of law to which no response is required.

52. – Deny the allegations in the first sentence of Paragraph 52 of the Complaint and deny knowledge or information sufficient to form a belief to sentence two and three of Paragraph 53 and therefore deny it.

53. Deny the allegations in the first sentence of Paragraph 53 and refer the Court to the social media post for a complete and accurate statement of its contents.

54. Deny.

55. Deny the allegations in the first sentence of Paragraph 55 and deny knowledge or information sufficient to form a belief to the rest and therefore deny it.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

57. Defendants admit there is no capacity for medical exams in the Baltimore hold rooms and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the rest of paragraph 57; accordingly, they are denied.

58. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies it

59. Deny.

60. Deny.

61. Deny the allegations in the first sentence. Admit that detained people sleep on a mattress and deny the rest of the second sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of the third sentence; accordingly, they are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations the fourth sentence; accordingly, they are denied.

62. Admit that there is no bedding and deny the rest of the allegations in the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of the rest of the second sentence in Paragraph 62; accordingly, they are denied. Admit that detainees sleep on mattresses and deny the rest of the allegations in the third sentence of Paragraph 62. Defendants lack knowledge or information sufficient

to form a belief about the truth of the allegations of the fourth sentence of Paragraph 62; accordingly, they are denied.

63. Defendants admit that as a general matter individuals detained in the Baltimore Hold Rooms are not permitted to leave the rooms, including for meals. Admit that the hold rooms do not contain clocks, but deny the remaining allegations in the second sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of the third sentence of Paragraph 63; accordingly, they are denied.

64. Deny.

65. Deny.

## CLASS ALLEGATIONS

66. The allegations in Paragraph 66 of the Complaint constitute conclusions of law to which no response is required.

67. Admit the allegations contained in the first sentence of Paragraph 67. Defendants deny that the proposed class is comprised of similarly situated individuals and lack knowledge as to the remaining allegations as they pertain to any single individual; accordingly, they are denied.

68. The allegations in the first sentence of Paragraph 68 constitute conclusions of law to which no response is required. Deny the allegations in the second sentence of Paragraph 68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 68. Deny the allegations in the fourth sentence of Paragraph 68, except admit that the population of individuals detained at the Baltimore Hold Room changes on a daily basis.

69. The allegations in Paragraph 69 of the Complaint constitute conclusions of law to which no response is required.

70. The allegations in the first and second sentences of Paragraph 70 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, deny.

71. The allegations in Paragraph 71 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, deny, except deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 71.

72. The allegations in the first sentence of Paragraph 72 constitute a conclusion of law to which no response is required.  To the extent a response is deemed required, deny.  Deny the allegations in the remainder of Paragraph 72.

73. The allegations in the first sentence of Paragraph 73 constitute a conclusion of law to which no response is required.  To the extent a response is deemed required, deny.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

74. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 73 of the Complaint.

75. The allegations in Paragraph 75 constitute conclusions of law to which no response is required.

76. Admit.

77. Deny.

78. Deny.

79. Deny.

80. Admit.

81. Deny.

82. Deny.

83. Deny.

**SECOND CAUSE OF ACTION**

On December 9, 2025, this Court granted Defendants' Motion to Dismiss with respect to
Plaintiffs' second cause of action. ECF No. 123. Accordingly, Defendants need not and do
not answer the allegations pertaining to Count 2 of Plaintiffs' Amended Complaint (Nos. 84-
88).

**THIRD CAUSE OF ACTION**

89. Defendants incorporate by reference their responses to the allegations in Paragraphs 1
through 88 of the Complaint.

90. Deny.

91. The allegations in Paragraph 85 constitute legal conclusions to which no response is
required.

92. Deny.

93. Deny

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Deny

99. Deny.

**FOUTH CAUSE OF ACTION**

100. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 99 of the Complaint.

101. Deny.

102. The allegations in Paragraph 102 constitute conclusions to which no response is required.

103. Deny.

104. Deny.

105. The allegations in Paragraph 105 constitute conclusions to which no response is required. To the extent a response is deem required, deny.

106. Deny.

107. Deny.

**FIFTH CAUSE OF ACTION**

108. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 107 of the Complaint.

109. Deny.

110. The allegations in Paragraph 85 constitute conclusions to which no response is required.

111. Deny.

112. Deny.

113. The allegations in Paragraph 113 constitute conclusions to which no response is required. To the extent a response is deem required, deny.

114. Deny.

115.  Deny.

116. Deny.

**SIXTH CAUSE OF ACTION**

117. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 116 of the Complaint.

118**.** Deny.

119**.** The allegations in Paragraph 119 constitute conclusions to which no response is required.

120. Deny.

121**.** Deny.

122. Deny

123. The allegations in Paragraph 123 constitute conclusions to which no response is required. To the extent a response is deem required, deny.

124. Deny.

125. Deny.

126. Deny.

**SEVENTH CAUSE OF ACTION**

127. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 126 of the Complaint.

128. Deny.

129. The allegations in Paragraph 129 constitute conclusions to which no response is
   required.

130. Deny.

131. The allegations in Paragraph 131 constitute conclusions to which no response is
   required. To the extent a response is deem required, deny.

132. The allegations in Paragraph 132 constitute conclusions to which no response is
   required. To the extent a response is deem required, deny.

## PLAINTIFFS' CAUSES OF ACTION 8-11

At Plaintiffs' initiation, the Parties stipulated to voluntarily dismiss Claims Eight through

11 (8-11) of Plaintiffs' Second Amended Complaint, and the Court subsequently ordered

those claims dismissed. ECF Nos. 112, 113. Thus, these claims are no longer a part of this

lawsuit and answers to the allegations contained therein need not be provided.

## PRAYER FOR RELIEF

Paragraphs a-o, beginning with "WHEREFORE," consists of Plaintiffs' requests for

relief, to which no response is required. To the extent a response is deemed required,

deny that Plaintiff is entitled to the requested relief or to any relief.

## GENERAL DENIAL

To the extent an allegation is not specifically admitted herein, any and all

allegations in the Complaint are denied.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Defendants did not act contrary to, or in violation of, any federal law.

## SECOND DEFENSE

Any errors of law committed by Defendants, which Defendants expressly deny, were harmless and not prejudicial, and warrant none of the relief requested in the Complaint. *See* 5 U.S.C. § 706.

## THIRD DEFENSE

Plaintiffs have not met the requirements under Fed. R. Civ. P. 23 to maintain this action as a class action.

## FOURTH DEFENSE

Defendants may have additional defenses that are not known at this time but may become known through additional discovery. Defendants thus reserve the right to raise any of the affirmative defenses set forth in Federal Rule of Civil Procedure 8, should subsequent discovery disclose facts that support those defenses. Defendants further reserve the right to prepare and plead any and all defenses which may become applicable during the course of this litigation.


Respectfully submitted,

BRETT A. SCHUMATE
Assistant Attorney General

WILLIAM C. SILVIS
Assistant Director

*/s/ Brendan T. Moore*
BRENDAN T. MOORE
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Tel: (202) 880-0330
E-mail: Brendan.t.moore@usdoj.gov

Attorneys for Defendants