# Exhibit C

Outlook

**RE: D.N.N. et al. v. Liggins et al., 1:25-cv-01613-JRR – Apparent Violations of the Court's March 6, 2026 Preliminary Injunction Order**

**From** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>

**Date** Mon 8/10/2026 8:43 PM

**To** Amelia Dagen <amelia@amicacenter.org>; Levine, Jared <JLevine@crowell.com>; Abrams, Andrew C (CIV) <Andrew.C.Abrams@usdoj.gov>; DeSimone, Aniello (CIV) <Aniello.DeSimone@usdoj.gov>

**Cc** Yulie Landan <yulie@nipnlg.org>; Schmidt, Daniella <DSchmidt@crowell.com>; Murphy, Jerome <JMurphy@crowell.com>; Austin Rose <austin.rose@amicacenter.org>; Tess Hellgren <tess@nipnlg.org>; Brown, Turkessa <TBrown@crowell.com>; Dintzer, Kenneth <kdintzer@crowell.com>

Hi Amelia & Jared-

Defendants write in response to Plaintiffs' correspondence inquiring about potential violations of the Court's PI Order. Defendants take seriously the alleged compliance lapses and appreciate Plaintiffs bringing their preliminary assessments to their attention.

Initially, Defendants are concerned that Plaintiffs' methodology relies on several inputs that appear tenuous if not invalid. For example, Plaintiffs relate that they calculated the area of the toilet exclusion zone as a quarter-circle with a radius of eight feet, which creates a total exclusion zone of more than 50 square feet. However, Plaintiffs' calculations put aside the concrete measurements contained in the Order in favor of interpretive variables unsupported by the plain language of the Order. The Court directed that each individual detainee has personal space of not less than 31 square feet "exclusive of floor area within eight feet from any toilet." Plaintiffs' conclusions that Defendants are not in compliance with the Court's order pertaining to defacto population caps are at least partially attributable to this dubious deduction. Defendants did not employ a zone of exclusion of 50 + feet and would respectfully disagree with any notion that compliance required the government to use the "quarter circle" methodology Plaintiffs describe. The inflated figure is especially consequential in the instance of room four and five—where it reduces the available floor space by nearly half, resulting in a capacity of 2 people per room (and comprising nine instances of the alleged noncompliance).

Further, Defendants have concerns regarding the methodology Plaintiffs employed using the cell data sheets to assess population totals at a given point in time, namely its "noon and midnight analysis." Concluding from the cell data sheets that an individual not notated as checked out as of the conclusion of a given date is physically present in that cell through the course of the night that follows, for instance, may be unlikely to account for individuals who were released for transfer during the course of the night or early morning. More broadly, Defendants are concerned that Plaintiffs' use of the cell data spreadsheets and snapshot data points to calculate simultaneous population presence is predicated on unreliable or faulty assumptions.

Plaintiffs relate that the preliminary conclusions are largely the product of AI and that they are working with their data expert to verify the preliminary findings. Defendants appreciate Plaintiffs' transparency in this regard and request that they provide Defendants with a summary of their expert's assessment, inclusive of methodology, after it becomes available. Defendants are endeavoring where possible to cross-check the cell data sheets times against other records, an inquiry which is still occurring. Defendants also pledge to update Plaintiffs with additional

information informing compliance with the court's personal space allocation requirement when it is available to them.

Thanks.

---

**From:** Amelia Dagen <amelia@amicacenter.org>
**Sent:** Thursday, August 6, 2026 9:48 AM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>; Levine, Jared <JLevine@crowell.com>; Abrams, Andrew C (CIV) <Andrew.C.Abrams@usdoj.gov>; DeSimone, Aniello (CIV) <Aniello.DeSimone@usdoj.gov>
**Cc:** Yulie Landan <yulie@nipnlg.org>; Schmidt, Daniella <DSchmidt@crowell.com>; Murphy, Jerome <JMurphy@crowell.com>; Austin Rose <austin.rose@amicacenter.org>; Tess Hellgren <tess@nipnlg.org>; Brown, Turkessa <TBrown@crowell.com>; Dintzer, Kenneth <kdintzer@crowell.com>
**Subject:** [EXTERNAL] RE: D.N.N. et al. v. Liggins et al., 1:25-cv-01613-JRR – Apparent Violations of the Court's March 6, 2026 Preliminary Injunction Order

Hi Brendan,

We are following up on the correspondence referenced below regarding Defendants' apparent violations of the Court's PI from March 6, 2026. Please let us know when we can expect Defendants' response regarding this issue. We are also continuing to receive reports of apparent non-compliance regarding access to medication and the provision of the statement of rights, which we previously communicated on July 2, 2026—when you're discussing this with your client, please also include those concerns.

We are also available to discuss this on a call tomorrow before 1:00 pm.

Thank you,

**Amelia Dagen** (she/her/ella)
**Senior Attorney** | Immigration Impact Lab

Amica Center for Immigrant Rights

1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036

p. +1 (202) 998-3105
f. +1 (202) 331-3341
www.amicacenter.org

Admitted to practice in Washington, DC.

*Amica Center's Immigration Impact Lab provides co-counseling, counseling, and amicus support in immigration impact cases throughout the 3rd, 4th, and 11th Circuits. Email lab@caircoalition.org to refer a case.*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly

prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail and then destroy all copies of the transmission.

---

**From:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>
**Sent:** Friday, July 31, 2026 12:20 PM
**To:** Levine, Jared <JLevine@crowell.com>; Abrams, Andrew C (CIV) <Andrew.C.Abrams@usdoj.gov>; DeSimone, Aniello (CIV) <Aniello.DeSimone@usdoj.gov>
**Cc:** Yulie Landan <yulie@nipnlg.org>; Schmidt, Daniella <DSchmidt@crowell.com>; Murphy, Jerome <JMurphy@crowell.com>; Austin Rose <austin.rose@amicacenter.org>; Amelia Dagen <amelia@amicacenter.org>; Tess Hellgren <tess@nipnlg.org>; Brown, Turkessa <TBrown@crowell.com>
**Subject:** RE: D.N.N. et al. v. Liggins et al., 1:25-cv-01613-JRR – Apparent Violations of the Court's March 6, 2026 Preliminary Injunction Order

**[EXTERNAL EMAIL]** This message is from an EXTERNAL source. Please do not click on any links or open any attachments associated with this email unless it comes from a trusted source AND you were expecting to receive this information.

Jared-

Thank you for the correspondence. We have notified our clients of the purported violations and Defendants are making inquiry into the matter. We will reach out when we know more. Thanks.

---

**From:** Levine, Jared <JLevine@crowell.com>
**Sent:** Thursday, July 30, 2026 2:48 PM
**To:** Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>; Abrams, Andrew C (CIV) <Andrew.C.Abrams@usdoj.gov>; DeSimone, Aniello (CIV) <Aniello.DeSimone@usdoj.gov>
**Cc:** Yulie Landan <yulie@nipnlg.org>; Schmidt, Daniella <DSchmidt@crowell.com>; Murphy, Jerome <JMurphy@crowell.com>; Austin Rose <austin.rose@amicacenter.org>; Amelia Dagen <amelia@amicacenter.org>; Tess Hellgren <tess@nipnlg.org>; Brown, Turkessa <TBrown@crowell.com>
**Subject:** [EXTERNAL] D.N.N. et al. v. Liggins et al., 1:25-cv-01613-JRR – Apparent Violations of the Court's March 6, 2026 Preliminary Injunction Order

Hi Brendan, Andrew, and Nello:

We are attaching a letter detailing apparent violations of the Court's March 6, 2026 Preliminary Injunction Order as it pertains to cell crowding. Please let us know if you have any questions or would like to discuss.

Best,

Jared

**Jared Levine**
Crowell & Moring LLP
jlevine@crowell.com
+1.212.803.4075 direct