**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**D.N.N, *et al.*,**

**Plaintiffs,**

**v.**

**VERNON LIGGINS, *et al.*,**

**Defendants.**

**Civil No.: 1:25-cv-01613-JRR**

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Partial Reconsideration of the Court's Order Granting Plaintiffs' Motion to Enforce Preliminary Injunction (ECF No. 240; the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025)

## I. BACKGROUND

The parties appeared on September 17, 2026, for an evidentiary hearing on Plaintiffs' Motion to Enforce Preliminary Injunction (ECF No. 197). On September 28, 2026, the court delivered its oral ruling in open court, which lasted in excess of one hour, and subsequently issued its order that is the subject of the instant Motion at ECF No. 231. The official court transcript of the court's ruling challenged in the Motion is at ECF No. 235. In the Motion, Government Defendants (the "Government") ask the court to reconsider its ruling on two discrete subjects: the health screening and the notice of rights. (*See* ECF No. 170, memorandum opinion on Plaintiffs D.N.N. and V.R.G.'s Renewed Motion for Class Certification and Preliminary Injunction at ECF No. 127; and *see* related order at ECF No. 171 at ¶¶ 1(b)(i) and 2 regarding medical screening and notice of rights.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) "governs reconsideration of orders that do not

constitute final judgments in a case (*i.e.,* interlocutory orders)." *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018). Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." FED. R. CIV. P. 54(b). "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (emphasis in original) (citing *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)).

Resolution of a motion for reconsideration of an interlocutory order "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Importantly, "the discretion afforded by Rule 54(b) is not limitless;" the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Coop. Inc.*, 899 F.3d at 256–57. Accordingly, a court may revise an interlocutory order to account for "(1) a subsequent trial producing substantially different evidence;[1] (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* at 257 (quoting *Carlson*, 856 F.3d at 325). "Although there may be many valid reasons to reconsider an order, 'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (quoting *Royal Ins. Co. of Am. V. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)).

## III. ANALYSIS

On review of the Motion, the court finds the Government does not meet the standard. The

[1] The court considers this more broadly to include new evidence or evidence not previously available to the movant despite the exercise of proper, reasonable diligence. *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018).

Government seeks to relitigate the court's consideration of, and weight afforded to, i) detainee declarations; and ii) testimony of AFOD Joseph Burki. The Government further rests its Motion on what it describes as the court's misstatements or misunderstandings of the evidentiary record as to Declarant Gomez and Declarant Bermudez. As explained below, the Government neglects to consider the context of the court's ruling as a whole.

Specifically, regarding Declarant Gomez, the Government alights on the court's incorrect statement that Mr. Gomez asserted he was not screened, but the Government wholly ignores the court's more detailed itemization and direct quotations of Mr. Gomez's declaration regarding his medical screening and provision of his prescription medications. The court's misstatement was expressly corrected by specific recitation of Mr. Gomez's attestations on these subjects; therefore, the misstatement was immaterial to, and had no bearing on, the court's adjudication.

The Government further relies upon the court's apparent misstatement (when reciting evidence related to Mr. Bermudez) regarding the applicable timeframe within which the Government is required by the preliminary injunction to conduct medical screenings of detainees. Here, again, the Government employs a myopic view of the record and ignores context. The court very clearly quoted (at length) the requirements of the injunction and later stated that the record supported a finding that Mr. Bermudez was not screened until four days after his arrival at Baltimore Hold Room (in violation of the preliminary injunction, as quoted by the court).

With regard to the Government's remaining arguments, the Motion does not present evidence not previously available; and seeks to relitigate all manner of issues previously raised and considered by the court. The court declines, therefore, to explain again the multi-faceted bases of its ruling. The court appreciates that the Government disagrees with the court, but the court discerns no clear error resulting in manifest injustice.

## IV. CONCLUSION

For the reasons set forth above, the Motion (ECF No. 240) shall be, and is hereby, **DENIED**.

/S/

______________________________

Julie R. Rubin
United States District Judge

November 13, 2026